## STATE v. BOWEN.

No. 2596.   Decided August 25, 1914 (143 Pac. 134).

1.  LARCENY—EVIDENCE—POSSESSION OF RECENTLY STOLEN PROPERTY. Under Comp. Laws 1907, section 4355, providing that the possession of property recently stolen, when the party in possession fails to make a satisfactory explanation, shall be deemed *prima facie* evidence of guilt, the State, to make a *prima facie* case, in the absence of direct evidence of the taking, must prove the larceny, recent possession by accused, and an unsatisfactory explanation.[1]   (Page 132.)

2.  LARCENY—EVIDENCE—"POSSESSION OF RECENTLY STOLEN PROPERTY." Where, on a trial for larceny of a cow, the State proved that a hide in defendant's possession was that of the stolen cow, and that defendant stated that it was the hide of a cow belonging to him which he had slaughtered for beef, there was sufficient evidence of the possession of the cow, within Comp. Laws 1907, section 4355, making possession of recently stolen property, without a satisfactory explanation, *prima facie* evidence of guilt.   (Page 132.)

3.  LARCENY—TRIAL—QUESTIONS OF LAW OR FACT.  What is such a recent possession of stolen property as to raise a presumption of guilt, under Comp. Laws 1907, section 4355, must depend upon the nature of the property and the circumstances of each case, and hence is ordinarily a question of fact, but the possession may be so remote as to require the court to say, as a matter of law, that it is not sufficiently recent to raise the presumption.   (Page 133.)

4.  LARCENY—TRIAL—QUESTIONS OF LAW OR FACT.  Where a stolen cow was last seen on the range in September, its hide was found in defendant's possession in January, and the exact time between those dates when the cow was taken was uncertain, and defendant made conflicting claims concerning his possession, in support of which he produced no proof, and which the State offered evidence to disprove, whether the possession was too remote, within Comp. Laws 1907, section 4355, making the possession of property recently stolen, without a satisfactory explanation, *prima facie* evidence of guilt, was for the jury.   (Page 133.)

[1] *State* v. *Potello*, 40 Utah 56; 119 Pac. 1023; *State* v. *Converse*, 40 Utah 72; 119 Pac. 1030.

5. CRIMINAL LAW—INSTRUCTIONS—CURE BY OTHER INSTRUCTIONS. On a trial for larceny of a cow, the hide of which was found in defendant's possession, instructions that, before the jury could convict, they must find beyond a reasonable doubt that defendant not only had possession of the hide, but that the animal was in his possession at a time when it had been stolen, and that such possession had not been satisfactorily explained, that the mere unsatisfactorily explained possession of the hide was not sufficient evidence upon which to find a verdict, but that there must be other and independent evidence of his possession of the cow, before they could infer that he was ever in possession thereof, were not erroneous as authorizing a conviction, if the jury found that defendant was in possession of the cow without any finding of a felonious taking by him, where they were preceded by instructions that it must be established beyond a reasonable doubt that he feloniously, etc., stole, took, and drove away the cow, that possession of property recently stolen, when the party in possession failed to make a satisfactory explanation, was *prima facie* evidence of guilt, and that such possession, when not reasonably and satisfactorily explained, was a circumstance in arriving at their verdict. (Page 134.)

Appeal from District Court, Fifth District, *Hon. Joshua Greenwood*, Judge.

Henry Bowen was convicted of larceny. He appeals.

AFFIRMED.

*J. W. N. Whitecotton* for appellant.

*A. R. Barnes*, Attorney General, and *E. V. Higgins* and *G. A. Iverson*, Assistant Attorneys General, for the State.

STRAUP, J.

The defendant was convicted of a larceny of a cow. The case was here on a former appeal. 43 Utah 111; 134 Pac. 623. The defendant, on a second trial, was again convicted, and again appeals. He questions the sufficiency of the evidence. Though there is no direct evidence of the taking, still sufficient is shown to show the larceny. The principal question relates to the sufficiency of the evidence to connect the defendant with it. The cow was last seen on the range

in September. The defendant, a ranchman, lived in that vicinity. In January following, the hide of the cow in question was found in his possession, nailed to the wall of his corral. He gave two explanations of his possession. One was that he had taken the hide from a cow belonging to him, a cow he had slaughtered for beef. Several days thereafter, about the time of his arrest, he stated that his son had taken the hide from a cow killed on a railroad track, and identified the carcass from which he claimed the hide had been taken. The State proved that the hide found in the defendant's possession was the hide of the subject of the larceny. It further proved that the carcass so identified by the defendant, and from which he claimed his son had taken the hide, was not the carcass of the cow in question. The defendant offered no evidence. There is therefore no evidence to support either claim of the defendant.

We have a statute (Comp. Laws 1907, Sec. 4355) which provides that "possession of property recently stolen, when the party in possession fails to make a satisfactory explanation, shall be deemed *prima facie* evidence of guilt." Under that statute, in the absence of direct evidence of the taking, the State, to make a *prima facie* case, is required to prove the larceny, recent possession in the accused, and an unsatisfactory explanation. *State* v. *Potello*, 40 Utah 56; 119 Pac. 1023; *State* v. *Converse*, 40 Utah 72; 119 Pac. 1030.

It is first claimed that the proof of the possession of the hide is not sufficient to prove the possession of the cow, the alleged stolen property. Hence it is argued that there is no proof that the stolen property was in the defendant's possession. But the State proved more than the defendant's mere possession of the hide. It adduced evidence to show (the defendant's statement) that the hide found in his possession was by him taken from a cow in his possession, one, as stated by him, belonging to him and which he had slaughtered for beef. And, since the State proved that the hide so found in his possession was the hide of the cow in question, there is evidence that not only the hide, but also the subject of the larceny, was in his possession.

The further claim is made that the possession was not sufficiently recent, a possession about four months after the cow was last seen on the range, to raise the presumption that the defendant did the taking. What is such **3, 4** a recent possession as to raise the presumption must depend upon the nature of the property and the circumstances of the particular case, and hence is ordinarily a question of fact. Of course the possession may be so remote as to require the court to say, as a matter of law, that it is not sufficiently recent to raise the presumption. Standing by itself, a possession as remote as four months can hardly be said to be recent. Lawson's Law of Presumptive Ev. p. 606; Dec. Dig. "Larceny," section 64 (3). Under the particular circumstances here, we think the question of recent possession was one of fact. Cent. Dig. "Larceny," section 181. The cow was last seen on the range in September. In January the hide was found in the defendant's possession, nailed to the wall of his corral. The cow was taken some time between those dates. The exact time is left uncertain. From the evidence the jury could have found that the cow was taken much less than four months from the time the hide was found in the possession of the defendant. Then there are the conflicting and groundless claims of the defendant concerning his possession. We say groundless, because the State adduced evidence to dispute them, and the defendant no evidence whatever to support them. So, when the nature of the property is considered, the uncertainty as to the time of the taking, the hide still nailed to the wall of the corral, the conflicting and groundless claims of the defendant, the place where, and the circumstances under which, the cow was ranged, we think the question of recent possession was one of fact. In view of the statute, we do not see how the court would have been justified in taking the case from the jury and discharging the defendant. The State adduced sufficient evidence to show the larceny, recent possession in the defendant, a state of facts from which the jury could find that it was recent, and an unsatisfactory explanation. That, says the statute, makes a *prima facie*

case. We therefore think no error was committed in submitting the case to the jury.

Complaint is also made of portions of the charge. The court charged:

"(8) The defendant is charged with the stealing of a cow, not merely the hide. So, before you can report a verdict of guilty in this case, you must find by the evidence, beyond a reasonable doubt, that the defendant not only had the possession of the hide, but you must find beyond a reasonable doubt that such animal was in the possession of defendant at a time when it had been stolen, and that such possession, if you so find, has not been satisfactorily explained by the defendant.

"(9) I charge you, gentlemen of the jury, that the mere unsatisfactorily explained possession of the hide of the cow mentioned in the information, if you find that the defendant has failed to satisfactorily explain its possession, is not sufficient evidence upon which to find a verdict of larceny against the defendant. There must be other and independent evidence that the defendant was in possession of the cow in question before you will be warranted in inferring or judging that the defendant was ever in possession of said cow."

The criticism made of it is that the court by this language led the jury to believe that they could convict the defendant if they but found that he was in possession of the cow, and without finding a felonious taking by him. When the charge is considered as a whole, we do not think it open to such meaning. In other portions of the charge the jury were in express terms instructed that, before the defendant could be found guilty, it "must be established by the evidence, beyond a reasonable doubt, that he did willfully, unlawfully, and feloniously steal, take, and drive away" the cow in question. Then the court charged in the language of the statute that "possession of property recently stolen, when the party in possession fails to make a satisfactory explanation, shall be deemed *prima facie* evidence of guilt," and further that "the possession of personal property recently stolen, the possession of which is not reasonably and satisfactorily explained, is a circumstance which you may con-

sider in connection with other circumstances in arriving at your verdict.'' Following this are the paragraphs complained of (8 and 9). The gist of them is a warning and direction that a mere possession of the hide was not sufficient to show possession of the subject of the larceny, nor was the mere possession of it and an unsatisfactory explanation of its possession so sufficient. The court thus warned the jury that, to constitute possession, the jury were required to find that the defendant was not only in the possession of the hide but °of the cow, and that proof of the possession of the hide, and an unsatisfactory explanation with respect to it, was not sufficient to show possession of the cow. We do not see wherein that was harmful to the defendant.

We think the judgment should be affirmed.

Such is the order.

McCARTY, C. J., and FRICK, J., concur.