## STATE v. MELLOR.

No. 4699. Decided July 9, 1928. (272 P. 635.)
Rehearing Denied December 19, 1928.

*Lewis Larson,* of Manti, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Minér,* Asst. Atty. Gen., for the State.

STRAUP, J.

The defendants James Mellor and Elgin Mellor, father and son, were jointly charged in one count with grand larceny, stealing six head of sheep, and in another count with having received stolen property knowing it to have been stolen. James was found not guilty on both counts. Elgin was found guilty on the first count and not guilty on the second. He appeals and complains that the evidence was insufficient to justify the verdict, that the court erred in refusing to charge as requested by him, and of misconduct of a juror who it is alleged went to sleep during the course of the trial.

There is no direct evidence of asportation by either of the defendants. The state, for conviction, relied on proof of the larceny by some one, recent possession of the sheep by the accused and conflicting claims made by them ■ as to how and where they became possessed of the sheep. Our statute on the subject (section 8285, Comp. Laws Utah 1917) provides that "larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another. Possession of property recently stolen, when the party in possession fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt." In considering the statute, this court, in the case of *State* v. *Potello*, 40 Utah 56, 119 P. 1023, held that, where there was no direct evidence of the asportation by the accused nor any direct evidence to connect him with the taking of the property, mere proof of the larceny and recent possession of the stolen property in the accused did not make a prima facie case of guilt, and that, in such case, to make a prima facie case, it was essential, on the part of the state, to prove, not only the larceny and recent possession in the accused, but also that he failed to make a satisfactory explanation of his possession. The appellant gave evidence to show that he purchased the sheep from another and the circumstances thereof. In such respect he testified that he at his residence ac-

quired the sheep, six lambs, from one driving a band of sheep through the country, in exchange for one and three-quarters tons of oats for feed. In such particular he was corroborated by the testimony of other witnesses. Such evidence, the appellant contends, was undisputed, and hence that he not only satisfactorily but indisputably explained and accounted for his possession; and that therefore the court erred in not directing a verdict of not guilty as requested by him. On the other hand, it is contended by the state, and it gave evidence to show, that the accused made conflicting claims as to the manner of obtaining possession of the sheep and as to the circumstances and means thereof, claims which were inconsistent with the claim that the appellant had purchased the sheep from another, and inconsistent with the circumstances thereof as claimed by the appellant, and that therefore the question of whether the possession of the sheep was or was not satisfactorily accounted for was one of fact for the jury. Some of the conflicting claims consisted of statements made in the absence of the appellant by the father, 89 years of age, statements that his son traded wether lambs for the sheep in question, and other statements that the father raised the sheep and sold them to his son. When the son's attention by the officers was called to these statements, he said they were not true; and, when asked where he got the sheep he stated "from a man up south," and that he bought the 2-year old ewe claimed to have been stolen from his father, and that he told his father to tell Jensen (one of the owners of the sheep) if he came for the sheep to say he had sold them to him. At other times the appellant, however, also stated that he purchased the sheep from another by giving him one and three-quarters tons of oats for feed. When the officers got the father and son together one of the officers asked the father again "to tell his story," but the father remained silent and finally asked his son if he should do so. When the officer told the father "to tell the straight of it," the son asked the officer in the presence of Jensen if there was anything they

could do to compromise, and said to Jensen that, if the sheep were his sheep, he was welcome to them. The sheep were re-branded and re-marked by the appellant on October 4, 1927, as testified to by him. But there was evidence to show that the sheep were not stolen or taken from the owner until October 17. That the sheep belonged to the alleged owners and that they were purloined from them by some one is not in serious dispute. There thus being proof of the larceny by some one, of recent possession of the stolen property in the accused, and of conflicting claims as to their possession and as to where and from whom the sheep were obtained and the time during which they were possessed by them, the case was properly submitted to the jury.

The appellant requested the court to charge the jury on the subject of circumstantial evidence. The court gave a charge on the subject. It is not pointed out by the appellant wherein the charge did not state the substance of the request. A comparison of the charge and of the request shows that the substance of the request was given, in some particulars even in language of the request. The assignment in this particular is therefore not well founded.

Further requests to charge were also made:

"(7) You are instructed that the evidence of the recently unexplained possession of stolen property, standing alone, is not sufficient to justify a verdict of guilty, even in a case of larceny. In cases of larceny the mere unexplained possession of stolen property is not alone sufficient to warrant a conviction, but it is a circumstance tending to show guilt, that can be taken into consideration in determining the guilt of the accused persons; and such unexplained possession and other evidence tending to show guilt justifies the jury in arriving at a verdict of guilty, if the same, taken as a whole satisfy the minds of the jury beyond a reasonable doubt and to a moral certainty that the persons accused are guilty of the larceny."

"(9) You are instructed that the mere possession of stolen property, unexplained by the defendants, however soon after the taking, is not sufficient to justify conviction. It is a circumstance, which, taken in connection with other testimony, is to determine the question of guilt. Yet, if you believe from the evidence, that the defendants were found in the possession of the property described in the information, this is a circumstance tending in some degree to show guilt, but not sufficient, standing alone and unsupported by other evidence, to warrant you in finding them guilty. There must be in addition to proof of possession of stolen property, proof of corroborating circumstances tending of themselves to establish guilt. These corroborating circumstances may consist of acts or conduct or declarations of the defendants, or any other circumstances tending to show guilt of the accused. If the jury believe the property was stolen, and was seen in the possession of defendants shortly after being stolen, the failure of the defendants to account for such possession, or show that such possession was honestly obtained, is a circumstance tending to show their guilt, and the accused are bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence discloses any such.

"(10) The jury are instructed that the possession of stolen property in a case of larceny is a circumstance tending to prove guilt only where it appears that the defendants acquired the possession by their own act or with their concurrence or knowledge. The possession must be personal and exclusive, or it must be the possession of some person or persons by the consent and will of the accused, and in either case the possession must involve a distinct and conscious assertion of possession by the accused."

These the court refused. After stating the substance of the information, the material allegations thereof which the

state was required to prove beyond a reasonable doubt, defining grand larceny and stating the essential elements thereof, instructing the jury as to presumption of innocence, the burden of proof on the state to prove all of the material allegations of the information beyond a reasonable doubt, defining reasonable doubt, and giving what generally is called "stock instructions," the court charged the jury that:

"You are instructed that if you find and believe from the evidence beyond a reasonable doubt that the said defendants did, on or about the time charged in the information and within this county and state, steal, take or drive away any one or more of the sheep mentioned and described in count one of the information, with the intention then and there permanently to deprive the owner or owners of his or their property, that the property so stolen, taken or driven away belonged to the person or persons named in the information as the owner thereof, then you should find by your verdict that they are guilty of grand larceny as charged in count one of the information."

No error is assigned as to the charge given. Error is assigned as to the requests refused. It is the contention of the appellant that, in harmony with the cases of *State* v. *Potello*, supra, *State* v. *Barretta*, 47 Utah 479, 155 P. 343, *State* v. *Converse*, 40 Utah 72, 119 P. 1030, *State* v. *Bowen*, 45 Utah 130, 143 P. 134, and *State* v. *Randolph*, 85 Or. 172, 166 P. 555, he was entitled to have the jury instructed that mere proof of larceny, recent possession in the accused, and an unexplained possession of the property in the accused was not sufficient to justify a verdict of guilt, and that the appellant was entitled to have the jury instructed on the subject or concerning possession of stolen property. As already observed, this court, in the Potello Case, held that, under the statute, and because of its language, to make a prima facie case of larceny (where there was no direct evi-

dence of asportation by the accused or of his connection therewith), it was not enough that the state merely prove the larceny to have been committed by some one, recent possession of the stolen property in the accused, but that the state also was required to show that the accused failed to make a satisfactory explanation of his possession. The matter is there fully discussed and the reasons stated for such conclusion and holding. The matter was further considered in the Converse Case. It also received attention in the Barretta Case, where the rule stated in the prior cases was reaffirmed, and where it further was held that it was not proper to instruct the jury, merely in the language of the statute, that "possession of property recently stolen, when the party in possession fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt," for the reason that to do so had the tendency to single out and emphasize particular evidence in the case to the exclusion of other evidence which might be of equal or greater importance and that such a charge, without further explanation or direction, tended to convey a meaning to the jury that, when such enumerated particulars were shown, the burden of proof shifted to the accused, which, if not sustained by him, required a verdict of guilt to be cast against him, in effect constituting a misdirection as to the law in such particular, for on the matters so declared by the statute to be a prima facie case, if undisputed, the jury, if not further directed, might be led to believe that they were required to render a verdict of guilty, although upon all the facts and circumstances in the case they were not convinced beyond a reasonable doubt of the accused's guilt. In the Barretta Case, this court further stated:

"When a court submits a case to a jury, the court necessarily determines that there is sufficient evidence to justify a conviction. The court cannot leave that question to a jury. To do so would be to make the jury judges of both the law and of the facts. So, when such a case as this is submitted to a jury, they have nothing to do with questions

of what is, or what is not, a prima facie case; nor are they required to make a finding in such respect. They, to convict, are required to find the accused guilty beyond a reasonable doubt. If they do not so find, they are required to acquit regardless of whether a prima facie case was made or not. Juries have only to do with questions of a prima facie case when there is a shifting of burden of proof. But here there was no shifting of burden, either of proof, or duty of going forward. The state at the start had the burden to establish beyond a reasonable doubt every essential allegation of the information, and that burden, without shifting, remained with the state throughout the entire case. So, when there is no shifting of burden of proof or duty of going forward, we see no good purpose, in the submission of a case, to inform the jury what constitutes a prima facie case. As well inform the jury on every submission of a case that the court is of the opinion that a prima facie case is made and the grounds upon which the opinion is based, and that therefore he submitted the case to them."

However, we did not in the Barretta Case, nor do we now, hold that, when properly requested, it is not the duty of the court to charge the jury on the subject or concerning possession of stolen property. It, of course, would be entirely proper for the court to inform the jury that mere proof of larceny and recent possession of the stolen property in the accused and nothing more would not be sufficient to justify a verdict of guilt. On the other hand, it would be just as proper to inform the jury that proof of the larceny, recent possession of the stolen property in the accused, and a failure to make a satisfactory explanation of his possession, or a false or untruthful or fictitious or improbable or unreasonable explanation thereof, would be sufficient to justify a verdict of guilt, if upon such proof when considered in connection with all the facts and circumstances in evidence, the jury were convinced beyond a reasonable doubt of the accused's guilt of the charge, that

it was he who feloniously, etc., stole, took, carried or drove away the subject or property of the larceny. And, upon proper request being made, it would not be improper for the court in other particulars to advise and charge the jury concerning the subject or possession of stolen property. No such doctrine was condemned in the Barretta Case, nor is it condemned now.

In view of this, let us now look at the refused requests. Request No. 7 is said to be approved in the case of *People* v. *Miller*, 45 Cal. App. 494, 188 P. 52, where such a charge was given. But the question of whether such a charge was correct or not was not before the court, and no opinion in such respect was expressed. The charge there ■ was given as the result of statements made in argument to the jury by the district attorney and objected to by counsel for the accused. Among other things the charge was referred to by the appellate court to show that no prejudice resulted because of the argument of the district attorney. The argument there made was that, because the accused had not taken the witness stand and explained his possession, the jury were required or ought to convict the accused. The trial court disapproved the argument and instructed the jury that an unexplained possession was not alone sufficient to justify a conviction. And, because the court gave such instruction, the appellate court among other considerations held that the argument of the district attorney was nonprejudicial. Such charge the accused here proposed as substantive law to be given in all cases of larceny where there is no direct evidence of the asportation of the property by the accused. The first sentence of the request involves the proposition that proof of larceny, recent possession of the stolen property in the accused, and an unexplained possession of the stolen property is not sufficient to warrant or justify a verdict of guilt. Such, as an abstract proposition as there stated, is too broad. If all of the elements stated in the proposition are present, and if upon a consideration of the proof thereof, in connection

with all of the facts and circumstances of the case, the jury are convinced beyond a reasonable doubt of the accused's guilt, that it was he who feloniously, etc., stole, carried, or drove away the subject or property of the larceny, then a verdict of guilt would be justified and warranted. For this reason the request was properly refused, though the rest of the request might have been proper.

Request No. 9, with some matters eliminated, was a charge given by the court in the case of *People* v. *Horton*, 7 Cal. App. 34, 93 P. 382. The defendant there on appeal complained of that portion of the charge which was here eliminated in the request. The appellate court held that the language of the portion of the charge complained of and here eliminated may have been too broad, yet had no prejudicial effect, and thus refused to disturb the judgment of conviction. But again the court expressed no opinion as to the other portions of the charge and here embodied in the request, and of course was not called upon to do so, as such portions of the request were not assailed, and, no matter how erroneous they may have been, the defendant there, the only person complaining, could not complain of them, for the reason that such portions of the charge were most favorable to him. So what the court there considered and decided was in no sense a judicial approval of the charge. The observations made as to request No. 7 just considered may also be made as to the first sentence of request No. 9. It involves the same elements or proposition that, as an abstract proposition of law to be applied in all cases, proof of the larceny, recent possession of the stolen property in the accused, and an untruthful explanation of his possession of the property, is not sufficient to justify a conviction. That, abstractly, is putting the proposition too broadly. The request further proceeds with the thought that such elements are mere circumstances to be considered on the question of the guilt or innocence of the accused and are not sufficient to justify a conviction independently of other or further proof and cir-

cumstances which in and of themselves tended to establish guilt. In other words, the request embodies the proposition that, though there is proof of the larceny, proof of recent possession of the stolen property in the accused, proof that, when called upon to explain his possession and when he had an oportunity to explain, he failed or refused to do so, or gave a false or untruthful explanation of his possession, or one highly improbable or unreasonable, or fictitious, yet, the jury would not be justified in finding the accused guilty, unless there was other or further proof of facts or circumstances which in themselves tended to establish the guilt of the accused. We think, under the circumstances stated, a jury would be justified and warranted in finding the accused guilty, if upon a consideration of such proof in connection with all of the facts and circumstances in evidence the jury were convinced beyond a reasonable doubt of the accused's guilt. We thus are of the opinion that the request was properly refused.

Request No. 10, or the substance of it, in a proper case, might well be given. But it here had no pertinency. There was no question or point in the case that the possession was not personal or exclusive in the accused, or that the possession was not acquired by him or by his own act, or that the possession was merely symbolic or constructive and not actual, or that the possession was qualified and not absolute. Indisputably the appellant claimed the possession of the sheep as the absolute owner of them. The request thus had no pertinency and was also properly refused.

Counsel for the defendant naively remarks that the only intelligent juror in the box fell asleep several times in the course of the trial, and thus urges that the trial court erred in not granting a new trial on that ground. It was made to appear that the juror had several times dozed off at short or brief intervals. The trial court found that the juror to all outward appearances at several

different times had gone to sleep, but only for two or three minutes, just a short time. The juror himself testified that because of some work he had done during the previous night and because the room was close he "dozed off" several times, but he was "not unconscious," and that he "heard and understood all that transpired in the courtroom during the trial." On the record it is evident that the juror, at several brief intervals, went to sleep while a witness was giving his testimony. But the trial court found that it was only for a few minutes, a short time. That some questions may have been asked the witness and that answers made thereto were not heard or fully comprehended by the juror, notwithstanding his testimony that he at all times "was conscious" and heard and understood all that transpired in the courtroom during the trial, may well be assumed. It, however, is not made to appear what the particular matters were that were testified to when the juror fell asleep. Though the juror, at brief intervals, did doze off, or fell asleep, yet on the record we cannot say that the juror did not hear and fully comprehend the substance of the testimony of the witness. Granting or refusing a new trial upon such ground as this is something so peculiarly within the observation, province, and discretion of the trial court that we should not interfere with the ruling, except upon a clear abuse of discretion, which is not here shown.

We therefore are of the opinion that the judgment of the court below should be affirmed. Such is the order.

THURMAN, C. J., and CHERRY, HANSEN, and GIDEON, JJ., concur.