461 P.2d 470

STATE of Utah, Plaintiff and Respondent,

v.

Richard B. FAULKNER, Defendant and Appellant.

No. 11539.

Supreme Court of Utah.

Nov. 24, 1969.

Jimi Mitsunaga of Mitsunaga & Ross, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Fred W. Finlinson, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice.

Appeal from a jury verdict of guilty in a third degree burglary case. Affirmed.

Defendant, with a companion, Jooston, entered the Kiesel Building, in Ogden, Utah. The latter had a key ring that he took along. He had no official, legitimate business in the building. Defendant claimed he entered the building to learn if he could change his parole officer to one residing in Ogden instead of Salt Lake City. Nonetheless, instead of taking the elevator to his asserted destination on the fourth floor, he and Jooston started climbing the stairs and for some fuzzy, difficult reason to explain, the two entered a restaurant on that floor, that was closed at the time. Defendant, —rather surprisingly, he intimated,—conveniently found a key on Jooston's key ring that opened a soft-drink machine. This set off a burglar alarm, and the two inquiring, unemployed stair-climbers, departed for areas unknown. This, after the building's maintenance man met them on the stairs and beseeched them to remain a spell. Some more fabulous details were urged to spin a web of fact and fancy for the jury, which gratuities would serve no useful purpose by further documentation here. The jury took but an hour to freshen up and deliberate on the facts adduced, before finding defendant and his co-defendant guilty.

■ Defendant urges that the trial judge erred in refusing to grant a separate trial, on his request, saying that the prejudice engendered by such refusal was demonstrated by a state's witness who testified as to what co-defendant Jooston told him out of defendant's presence. Defendant cites United States v. Jones [1] to support the above. Suffice it to say, that case is not pertinent here. It had to do with an 1878 Territorial statute,[2] that required separate trials in felony cases. Our present statute [3] makes such separation discretionary with the trial court. Furthermore, the trial court specifically admonished the jury to ignore such testimony so far as the defendant was concerned. Defendant's citation of State v. Crawford [4] is inapropos here, having to do only with credibility of a witness as related to the testimony, which the court admitted over objection.

■ Defendant also urges that the court erred in amending the information sua sponte in its instructions, when it said that entering the restaurant on the *second floor* of the *Kiesel Building*, instead of only the building, may constitute burglary, particularly since no notice of the amendment was given. We think there is no merit to the contention. Our statute [5] quite obviously covers the facts of this case, where such amendment is sanctioned.

■ With respect to defendant's assertion that instructions Nos. 4 and 6 were in-

1. 5 Utah 552, 18 P. 233 (1888).
2. Section 262, Crim.Prac.Act of 1878.
3. Title 77–31–6, Utah Code Annotated, 1953.

4. 59 Utah 39, 201 P. 1030 (1921).
5. Title 77–21–43(2), Utah Code Annotated 1953.

consistent: No. 4 was really not an instruction except to state that with which the defendants were charged, i. e., burglary of the Kiesel Building. There may have been a highly technical inconsistency in saying one burglarized a building or a room in that building, (as reflected in the evidence), but such an inconsistency reflects no prejudice. A burglar usually enters a building to burglarize a place therein where something of value lies.

The last point on appeal simply volunteers that the circumstantial evidence did not exclude every *reasonable* hypothesis. The jury thought otherwise. So do we.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.