The STATE of Utah, Plaintiff and Respondent,

v.

John Frank PACE and Milton E. Hansen, Defendants and Appellants.

No. 13606.

Supreme Court of Utah.

Oct. 25, 1974.

Bruce C. Lubeck of Salt Lake Legal Defender Assn., Salt Lake City, for Pace.

J. Franklin Allred, Salt Lake City, for Hansen.

Vernon B. Romney, Atty. Gen., M. Reid Russell, Earl F. Dorius, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from burglary and grand larceny convictions where both defendants were sentenced on the burglary only. Affirmed.

On a gray morning, in the white snow, defendants were caught redhanded with a locked chain link fence topped with rows of barbed wire, where they obviously had broken the close, the silence of the night, and apparently a door and window. Such strange circumstances almost inconceivably tripped a burglar alarm that worked, alerting a caretaker next door to the industrially burglarized property. He called the police. They arrived minutely, entered the premises after the alert caretaker had unlocked the gate. They, the police, arrested defendants inside the close, or the enclave, which ever. Neither defendant denied these facts, nor did he assign insufficiency of the evidence as to the burglary. Defendants filed separate briefs in which they urged that the court erred in 1) not declaring a mistrial because of inattentiveness or drowsiness of jurors and 2) giving an *oral* instruction to the jury when its foreman, after retiring to deliberate, asked the court a question as to pertinency of certain evidence. The defendant Hansen urged three additional points. Only one, (not at all dispositive), we consider as being worthy of some comment, viz: 3) failure to grant a separate trial.

Answering 3) first: There is nothing in the record showing any prejudice. Hansen's main contention was that certain statements, *if introduced* would be prejudicial. State counsel said no such statements would be—nor were they offered. Nothing save by the grace of dangerous assumption, would indicate that the trial judge abused his discretion.[1]

As to 1) above: Two onlookers said two of the jurors consciously went to sleep. The trial judge, not charged with somnambulism, in denying the motion for mistrial, said that he had observed the whole jury; that one had *not* gone to sleep, and the other did "doze for a second, twice" but had aroused before he, (the judge) "had a chance to call it to her, (the juror's), attention." Hence there seems to have been nothing in the eyes of the beholder, nor in the arms of Morpheus reflecting that the juror could have been ensconced, so as to have stupefied the veniremen, or the sound discretion of the trial judge.[2]

As to 2) above: The jury foreman asked the court: "What is evidence, considered evidence, in regard to missing items?"[3] The trial judge said:

This is circumstantial evidence. Nobody saw the saddles go out. And you may consider all of the evidence surrounding the event, *that they were there the day before, and they weren't there*

1. See Title 77–31–6, Utah Code Annotated 1953; State v. Faulkner, 23 Utah 2d 257, 461 P.2d 470 (1969); State v. Miller, 111 Utah 255, 177 P.2d 727 (1947).

2. State v. Mellor, 73 Utah 104, 272 P. 635 (1928). It is interesting to note that at oral argument counsel for the defense, nor anyone else recognized the significance or sagacity of one of the Justice's inquiries as to whether the slumber of the jurors occurred during the case in chief or during the defense's examination, the answer to which was that the Van Winkle incident was appurtenant to the State's presentation, no credit to the State or prejudice to defendant.

3. Obviously referring to 3 allegedly missing saddles.

*the next morning*, and the time involved and any people who might have been around, and determine from that whether they were taken and if so who took them. You may consider that as some evidence on the subject. Any other questions?

Such statement was quite consonant with the facts adduced, and a sort of facetious covenant running with the land.

██ Hansen's counsel objected, claiming that a) such instruction should have been in writing, failing which, it violated Rule 51, Utah Rules of Civil Procedure; that even so b) it erroneously stated the law,—with which latter contention we disagree without comment, particularly when read along with other instructions given. In a) above, where the instruction or answer to a question of the jury, silly or not, is given *after* the jury has retired, Rule 47 (n) U.R.C.P. governs, where, as here, if the jury desires "to be informed on any point of law . . . Such information must be given in writing *or taken down by the reporter*." The reporter took it down. The court was not in error under the procedure and/or instruction mentioned.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.