Appeal from Fourth District.

## STATE v. BAUM.

No. 2778.   Decided August 7, 1915.   (151 Pac. 518).

1. CRIMINAL LAW—TRIAL—CONVICTION—ACCOMPLICE TESTIMONY. Under Comp. Laws 1907, Sec. 4862, declaring that a conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself tends to connect accused with the commission of the offense, and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof, evidence that some of the stolen property was found in the brush near accused's ranch, and that he and one of his confessed accomplices was seen to have been driving near that vicinity, coupled with accused's statement to the sheriff that he would not be mixed up with kids again, is insufficient corroboration to warrant conviction on accomplice testimony.   (Page 9.)

2. CRIMINAL LAW—TRIAL—INSTRUCTIONS.   In a criminal prosecution, where there was no evidence that accused aided or abetted in the offense or encouraged its commission, the state's contention being that accused actually participated, a charge on his guilt if he only aided and abetted is improper.   (Page 9.)

3. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES.   In a criminal prosecution, evidence that accused had before been convicted is inadmissible, except to impeach him as a witness; and hence, where he did not take the stand, the state could not show that he had previously been convicted.   (Page 10.)

4. CRIMINAL LAW—APPEAL—PREJUDICIAL ERROR.   In a prosecution for larceny, where accused had not taken the stand, a question by the prosecutor as to how many times accused had been convicted of felony is prejudicial error, warranting new trial, though the court rebuked the prosecutor and admonished the jury not to regard such questions, and accused did not at that time ask that the jury be discharged.   (Page 10.)

5. CRIMINAL LAW—TRIAL—DUTY OF COURT.   It is the duty of the court to determine what proceedings occurred, and where the court did not have the reporter present during argument of counsel, and did not remember the argument, the judge should determine by the testimony of those present what actually occurred.   (Page 12.)

Appeal from District Court, Fourth District; *Hon. A. B. Morgan,* Judge.

Bert Baum was convicted of burglary in the second degree.

He appeals.

REVERSED and remanded.

*W. S. Willes,* for appellant.
·*A. R. Barnes, Attorney General,* and *E. V. Higgins* and *G. A. Iverson,* Assistant Attorneys General, for the State.

.STRAUP, C. J.

The defendant was convicted of burglary in the ` second degree, breaking into a warehouse or cellar, in Wasatch County, and taking therefrom about fifty-four bottles of beer, a number of cans of corn and peas, and some jars of fruit. The breaking and larceny were amply proven. Two accomplices testified that the defendant, with them, entered the cellar and took the goods. It is claimed by the defendant that there was not sufficient evidence, independent of the testimony of the accomplices, to connect him with the offense. The accomplices testified that they and the defendant took the goods on the night of the 29th of June, and hid them in brush near a trail on or near a ranch occupied by the defendant. About a week or ten days after that two jars of fruit taken, from the cellar were found hidden in the brush. About eighteen empty beer bottles were found in the defendant's house; but it was not shown that they were bottles taken from the cellar. A boy about eight years of age testified that he saw one of the accomplices and the defendant in the daytime with a horse and buggy drive up to the brush, and heard what sounded like the rattle of bottles in a sack. He did not see anything taken in or out of the buggy. The accomplice, seeing the boy, told him "to get for home, that he was snooping around there to steal something, and that he didn't want to catch him around there any more." The boy left. He could not tell whether that was in July or August, or before or after the theft. The sheriff testified that after the defendant's arrest,· and when he was endeavoring to get bail bond, the defendant said to him:

"This will learn me something. I won't be mixed up with kids again."

This is all the evidence, independent of that of the accomplices, to connect the defendant with the offense.

Our statute (Comp. Laws 1907, section 4862) provides:

"A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof."

We think the corrobation insufficient to connect the defendant with the offense of burglary, the offense of which he was charged and convicted. The empty bottles found in his house were not even shown to have been taken from the cellar. The fruit jars were found at a place to which any thief had free access, and where property stolen by others could conveniently have been secreted without the defendant's knowledge. Finding stolen and hidden property, such as was found, in a wild corner of a ranch, near a trail, among brush, is not in itself sufficient to show possession in the ranchman. It is not like finding the property in his house, barn, shed, or other outbuilding. The defendant's statement, made to the sheriff, no doubt shows guilty knowledge of wrongdoing of some kind; but it no more tends to connect the defendant with the commission of burglary than receiving stolen property knowing it to have been stolen, or partaking with the culprits of the tempting fruits of the crime.

Complaint also is made of the charge as to the sufficiency of corroboration of the testimony of the accomplices. It is the same kind of a charge condemned in *State* v. *James,* 32 Utah, 152, 89 Pac. 460. The court, therefore, also erred in that particular.

Complaint also is made of this charge:

"All persons concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present,

have advised and encouraged its commission, are principals in any crime so committed.''

Such a charge may be proper enough in a proper case; but the court had no such case before it. There were neither pleadings nor evidence to render such a charge pertinent. What the state charged was that the defendant directly entered the building and took the goods therefrom; and what it claimed by its evidence was that he, with two others, directly entered and took the goods—directly committed the offense. There was no evidence to show, and no one claimed, that the defendant but aided or abetted in the commission of the offense, or, not being present, advised or encouraged its commission. There, hence, was no occasion to give that kind of a charge. Under the circumstances, we think it was misleading and harmful.

Before the state rested its case in chief, the district attorney called as a witness the clerk of the court, with the court records, and after showing by him that he was ''the        3, 4 clerk of the court and by virtue thereof the keeper of the records of the court,'' asked him:

''Q. Have you the record of this court containing trials and convictions of parties in court A. Yes, sir. Q. I will ask you to turn to that record and state to the jury how many times this defendant has been convicted of felony.

''Defendant's Counsel: We object to it as incompetent, irrevelant, and immaterial.

''The Court: Now I hardly understand your attitude in regard to offering this evidence.

''District Attorney: Well, it is this: Of course, it is proper to ask the defendant, on cross-examination, if he should go on—

''The Court: It is true.

''District Attorney: These questions; but, if he don't go on the witness stand, there is no other way of proving it, and Underhill lays it down that the only method of proving it is by the record of the court.

''The Court: The objection is sustained.''

Thereupon the defendant's counsel complained of the district attorney's action as misconduct, and requested the court

to instruct the jury to disregard the questions propounded to the clerk "and the remarks" in such particular of the district attorney. The court acquiesced in that, and thereupon charged:

"Gentlemen of the jury, you are instructed at this time that you are not to take into consideration or pay any attention to the remarks that were made by the district attorney, referred to by Brother Willes, and that matter must have no weight with you, or have any bearing whatever in your deliberations as to the guilt or innocence of the defendant in this case; and the court will further instruct you that any statement made by counsel on either side of the case is not evidence in the case at all, but it merely expresses the views of counsel as to their theory of the case; and further, whenever any evidence is offered, but not admitted, you are not to consider that, and if some question is asked, and objection is made to it, and the objection is sustained; why, you will pay no attention, of course, to that question."

Later the defendant also moved for a new trial on the ground of such alleged misconduct. The motion was overruled. Complaint is made of that, and of the misconduct of the district attorney. We think the action of the district attorney was misconduct. It, of course, was not proper to show convictions of prior offenses to prove probabilities that the defendant was guilty of the charged offense, or to show criminal propensities. Such convictions could only be shown to affect credibility of the defendant in the event he offered himself as a witness. The district attorney seemed aware of the rule, but, fearful that the defendant might not be called, attempted to prove prior convictions in his main case. The court, however, granted the defendant all that he then asked. It sustained his objection to the question, and at his request admonished the jury to disregard what had been done by the district attorney in such respect. There was but one thing more the court could have done—stopped the proceedings and declared a mistrial. But the defendant did not ask that. He, however, did ask for a new trial upon that ground. We think the court ought to have granted it. Ordinarily, when objections are sustained to improper questions and the jury admon-

ished, as was here done, no prejudicial effect will be presumed. Much depends upon the nature of the questions and the good faith with which they are propounded. It is hard to believe this questions were asked in good faith; and when the clerk of the court, on the witness stand with the identified records of the court before him containing convictions "of parties in court," was asked to turn to that record and to state how many times the defendant had been convicted of felony, it is extremely doubtful as to whether the ruling sustaining the defendant's objection and admonishing the jury cured misconduct of that kind. The natural and almost unavoidable tendency of that kind of conduct is to prejudice.

Another alleged ground for a new trial was that the district attorney, in his argument to the jury, stated that:

"If that statement (the statement made by the defendant to the sheriff) was not true, why didn't the defendant, Bert Baum, go on the stand and contradict the testimony of Wall (the sheriff) as to such statement?"

That the district attorney in argument made such statement was shown by the affidavit of defendant's counsel. If he made it, it, of course, was improper. But when the motion and affidavit were presented for a new trial, the district attorney was sworn and testified that he made no such statement. The defendant's counsel was thereupon sworn and testified that he did make it, and testified that he made notes of the exact language at the time, and that he, at the time of the argument, objected and took exceptions to the district attorney's argument in such respect. The court, in passing on the motion, stated:

"I do not remember exactly what was said. I remember Brother Willes (defendant's counsel) making an objection, and I noticed that the reporter was not in his usual place in the courtroom at that time, that he was in chambers adjoining the courtroom when the argument was proceeding before that, and it is the regular and customary practice in this court that while a cause is being argued by counsel that the official court reporter is not present; that is, if he desires to do other work, prepare other charges, or attend to other matters, unless he is requested by counsel to be present during the argument.

If there is any request made or indicated to the court that his presence is desired, and that there is a desire that the argument be reported by him, the court always requests the reporter to be present and to take down the argument of counsel. The court distinctly remembers that at the time Brother Willes made the objection he made no request at that time that the reporter take down the argument or any part of it. He did not ask the reporter to take down in substance what he contended was said by the district attorney, and the court took the view that, the reporter not being present, it was idle for the court to attempt to make any record when there was no one to record the matters that were said; and then the court instructed the jury definitely in its charge that they were not to consider any statement made by counsel as evidence in the case.''

It is thus seen the court did not decide whether the district attorney did or did not make the alleged statement in argument to the jury. The reasons which the court gave for not deciding it are not good. The reporter was at the command and under the directions of the court, not of counsel. The court was called upon to determine what the fact was, and ought to have done so. If it failed or neglected to make a proper record of the proceedings at the time of their occurrence, it ought to have determined the fact from the next best evidence, the testimony of those who were present and heard what was said. However, since there are but allegations and denials, and no findings as to the fact, there is nothing for us to review in such particular.

For the reasons heretofore stated, the judgment of the court below is reversed, and the case remanded for a new trial.

FRICK and McCARTY, JJ., concur.