Appeal from Fourth District.

## STATE v. FRISBY.

No. 2856.   Decided December 30, 1916 (162 Pac. 616).

1. LARCENY—SUFFICIENCY OF EVIDENCE.  In a prosecution for larceny of a heifer claimed to have been killed and carried away by defendant, evidence *held* sufficient to sustain conviction. (Page 228.)

2. CRIMINAL LAW—EVIDENCE CORROBORATING ACCOMPLICE'S TESTIMONY.  Where many circumstances directly pointed to defendant's guilt in prosecution for larceny, independent of an accomplice's testimony, *held* sufficient to corroborate the accomplice's testimony and to sustain conviction.[1]   (Page 229.)

3. CRIMINAL LAW—EVIDENCE SHOWING OWNERSHIP—DEMONSTRATIVE EVIDENCE.  In prosecution for larceny of a heifer killed and carried away by defendant, the admission in evidence of an ear of the heifer and the owner's tag attached thereto, was proper.   (Page 230.)

4. CRIMINAL LAW—HARMLESS ERROR—ADMISSION OF EVIDENCE. Where, in a prosecution for larceny of a heifer, the court admitted in evidence an ear of the heifer and the owner's .tag attached thereto, remarking that he would "prefer the exhibit be not inspected by the jury at this time, so that later I might change my ruling with regard to it if I see fit," but did not change ruling, and the exhibits were submitted to the jury at the close of the testimony, and counsel did not request further information regarding the ruling before arguing the case, the defendant was not prejudiced in any substantial right.   (Page 230.)

5. CRIMINAL LAW—REFUSAL OF INSTRUCTION COVERED BY WHOLE CHARGE.  Where, in a prosecution for larceny, the court's instructions covered every phase of the case, refusal to give instructions sufficiently covered by the whole charge was not erroneous.   (Page 231.)

Appeal from District Court, Fourth District; *Hon. A. B. Morgan*, Judge.

George Frisby was convicted of larceny.  He appeals.

---

[1] *State* v. *Bowen*, 45 Utah 130, 143 Pac. 134; *State* v. *Park*, 44 Utah 360, 140 Pac. 768; *State* v. *Powell*, 45 Utah 193, 143 Pac. 588; *State* v. *Baum*, 47 Utah 7, 151 Pac. 518.

AFFIRMED.

A. C. Hatch and Chase Hatch for appellant.

A. R. Barnes, Atty. Gen., and E. V. Higgins and G. A. Iverson, Asst. Attys. Gen., for the State.

FRICK, J.

The defendant was convicted of the larceny of a heifer, which, under our statute, constitutes a felony.

One of the principal assignments of error is that      1 the evidence is insufficient to sustain the verdict and judgment.

One of the principal witnesses for the state was one Price, who at the time of the alleged larceny was in the employ of the defendant. Price testified to the killing of the animal by the defendant, who, he says, was assisted by the witness and defendant's boy, a lad about 14 years of age, and, among other things, testified in detail to the killing of the animal. He described the animal and detailed the circumstances of the killing and what was done with the meat and hide. He further testified that the animal had a tag in one of its ears with the owner's name stamped on it; that the defendant severed the ear and told the witness to throw it away or conceal it, and that the witness, pursuant to the request, did throw the ear into the brush near where the animal was killed; that the meat and hide were taken to the defendant's sawmill some distance from where the killing occurred, and the hide burned on the evening of the day the killing took place, and that the meat, or at least some of it, was used in defendant's family; that the witness thereafter, with the sheriff of Wasatch County, at the latter's request, went to the place where the calf was killed, and that they found the ear, which had been severed from the calf, in the brush where the witness had thrown it, with the tag containing the owner's name still fastened thereto. The sheriff corroborated the witness Price with respect to the finding of the ear, and also with respect to finding other evidence showing that an animal had been killed at the place pointed out by the witness

Price. Another witness for the state testified that he went to defendant's sawmill on the evening of the day on which the witness Price had testified that the calf was killed by the defendant; that he went there for the purpose of working for the defendant on the following day; that the defendant requested the witness and Price to go with the defendant to get the dead carcass of the calf on the evening of the afternoon on which Price said it was killed; that he (Price), the defendant and his boy went to get the carcass, and that they loaded it on defendant's wagon and took it to the sawmill, where the hide was burned that evening and the carcass was hung up in some buliding near by; that at least some of the meat was used by the defendant's family; that the hide was as described by the witness Price. Another witness for the state testified that he had lost a calf of the description and kind testified to by Price and the other witness; that his calf had a tag in one of its ears, with the name of the owner stamped on it, and that the tag found by the sheriff and testified to by the witness Price was his tag. There were other circumstances shown in evidence tending to connect the defendant with the larceny and with regard to the ownership and killing of the calf. We deem the foregoing ample, however, to show that there is no merit to the contention that the evidence is insufficient to support the verdict and judgment.

Nor is the contention tenable that there is no evidence which tended to connect the defendant with the larceny apart from the testimony of the witness Price, who, counsel contend, and who, the court charged the jury, was an accomplice. Counsel overlook the many circumstances **2** which directly pointed to the defendant's guilt, all of which were entirely independent, but clearly corroborative of, the testimony of the alleged accomplice, Price. The evidence connecting the defendant in this case with the larceny here in question, independent of the evidence of the accomplice, is much stronger than was the evidence connecting the defendant in the case of *State* v. *Bowen*, 45 Utah 130, 143 Pac. 134, with the larceny there in question, where we held the evidence sufficient to sustain the verdict and judgment.

Moreover, the corroborating circumstances are much stronger in this case than they were in the case of *State* v. *Park*, 44 Utah 360, 140 Pac. 768, where we held the corroboration sufficient. To hold the evidence insufficient in this case would require us to disregard all that has heretofore been said upon the subject of what is sufficient corroboration of the evidence of an accomplice to justify a conviction. The cases of *State* v. *Powell*, 45 Utah 193, 143 Pac. 588, and *State* v. *Baum*, 47 Utah 7, 151 Pac. 518, decided by this court and cited by defendant's counsel, can have no controlling influence here. In both of those cases, when the testimony of the accomplice was left out of view, there was no evidence, either direct or circumstantial, which, in and of itself, tended to connect the persons there accused with the commission of the crimes charged against them. Here, as we have pointed out, there is ample evidence to connect the defendant with the charged offense independent of the testimony of Price, the alleged accomplice.

It is next assigned as error that the court erred in admitting in evidence the tag and ear which were found, as before stated. The court committed no error in that regard. **3**

It is, however, insisted that the court's conduct in admitting the tag and ear in evidence was prejudicial to the rights of the defendant, for the reason that, after the court had ruled that the tag and ear should be admitted in evidence, the court made the following observation: **4**

"I might say that I would prefer that the exhibit (the tag and ear) be not inspected by the jury at this time, so that later on I might change my ruling with regard to it if I see fit."

Now it is contended that the court let the matter rest there until after the arguments were concluded, when the exhibit, with other exhibits in the case, were, under our statute, submitted to the jury. Defendant's counsel now insist that by reason of what was done in that regard they had no opportunity to argue the matter to the jury. The court had, however, squarely ruled that the exhibit was competent evidence, and that it had been sufficiently identified before it made the

remark we have above set forth.   Counsel were therefore apprised of the ruling of the court by which the exhibit was admitted in evidence.   If they had any doubt respecting the matter when they proceeded to argue the case, it was not only their right, but, as we think, it was also their duty, to have the court inform them whether it had concluded to withdraw the exhibit from the consideration of the jury or not.   Unless the same was withdrawn it was in evidence, since the court had clearly admitted the same in evidence, and counsel were bound to treat it in that way.   We remark in this connection that, while it is perfectly proper for the trial courts to satisfy themselves with respect to whether a proffered exhibit is sufficiently identified, or whether it is otherwise competent or relevant as evidence, yet, when the ruling is made, the exhibit should either be admitted or excluded, so that counsel may be advised of the precise state of the evidence.   We cannot see, however, how, under the circumstances of this case, the conduct of the court could have resulted in prejudicing the defendant in any substantial right.

It is next insisted that the court erred in charging the jury and in refusing to charge as requested.   The instructions given by the court are very voluminous, and cover every possible phase of the case.   Upon reading the whole charge we are impressed with the fact that in some respects it is more favorable to the defendant than the law required.   The requests that were refused were sufficiently covered in the court's charge, and for that reason no error was committed.

No legal reason appearing why the judgment should not stand, it should be, and it accordingly is, affirmed.

STRAUP, C. J., and McCARTY, J., concur.