## STATE v. BURNHAM.

No. 5567.   Decided October 7, 1935.   (49 P. [2d] 963.)

*R. B. Thurman,* of Salt Lake City, for appellant.

*Joseph Chez,* Atty. Gen., and *Zelph S. Calder,* Deputy Atty. Gen., for the State.

EPHRAIM HANSON, Justice.

The defendant was tried and convicted in Davis county on an information charging him with the commission of a felony. The record shows that the requisite number of jurors duly qualified on their voir dire examination to serve as jurors in the case. When defendant's attorney was requested to exercise his first peremptory challenge, he objected and insisted that R. S. Utah 1933, 104-24-12, of the Code of Civil Procedure be followed in impaneling the jury. The objection was overruled and the impaneling of the jury was proceeded with in accordance with the practice in use prior to the enactment of the statute referred to.

Defendant insists that the trial court committed error in thus impaneling the jury. No other question is raised on this appeal.

The section referred to provides in effect that when challenges for cause have been completed and there shall remain on the panel six jurors more than the number who are to compose the jury, the clerk shall make a list of those

remaining in the order in which their names were called, and hand the same to plaintiff. The plaintiff shall then designate on such list the name of one juror peremptorily challenged by him, if any, and hand the list to the defendant, who shall designate the name of one juror peremptorily challenged by him, and that the parties shall so proceed alternately to challenge, until the peremptory challenges shall be exhausted; that the clerk shall then call the remaining names or so many of them as shall be necessary to constitute the jury in the order in which they appear on the list, and the persons whose names are so called shall constitute the jury.

This section became effective in June, 1933. Although not in use in this state prior to that time, this method of impaneling juries in civil cases was in use in other jurisdictions. See Revised Code of Arizona 1928, § 1923.

R. S. Utah 1933, 105-29-1, of the Code of Criminal Procedure, in so far as it is pertinent here, provides that "trial juries for criminal cases are formed in the same manner as trial juries in civil cases." This statute has been in effect since statehood.

There are other statutes in our Code of Criminal Procedure, however, which have an important bearing upon the question of whether it was the intention of the Legislature that the method of forming juries prescribed in section 104-24-12 should be followed in criminal cases. R. S. Utah 1933, 105-31-14, of the Code of Criminal Procedure provides that a peremptory challenge can be taken by either party and may be oral. Section 105-31-15 of the same Code provides that where the offense is punishable by death or imprisonment for life, the number of challenges allowed to the defendant and the state shall be ten each; if the offense charged is a felony other than punishable by death or life imprisonment, the number of challenges is four each; and in misdemeanor cases the number of challenges is three each.

To make section 104-24-12, of the Civil Code applicable in criminal cases involving capital punishment or imprisonment for life, 32 jurors would have to be qualified on their voir dire examination before any peremptory challenge could be exercised by the state or the defendant. In other felony cases there would of necessity be 16 jurors thus qualified before a peremptory challenge could be exercised. In either case it would be impossible for only six jurors—the number specifically designated in section 104-24-12—more than the number to compose the jury to remain on the panel. The mention of six jurors, in this connection, is an indication that the intent was to limit this method of challenge to civil cases.

R. S. Utah 1933, 105-31-29, in the Code of Criminal Procedure, provides:

"Whenever a challenge for cause is allowed, another juror must be called, and no peremptory challenges need be taken until there is a complete panel of jurors against whom all challenges for cause have been waived or denied. Thereupon peremptory challenges shall be exercised by the parties, alternately, beginning with the state, and each vacancy thus occurring shall be filled before another challenge need be exercised."

This statute sets up the method now followed and that has been followed since statehood in the challenge of jurors in criminal causes. In so far as it provides that a "vacancy" caused by a peremptory challenge "shall be filled before another challenge need be exercised," it is inconsistent with the method prescribed under section 104-24-12.

In this connection it is important to observe that section 104-24-12 is an entirely new section inserted in the Code of Civil Procedure, and that it does not expressly repeal any provision of that Code or of the Code of Criminal Procedure. Section 105-31-29 makes specific provision for the exercise of peremptory challenges in criminal cases and must be followed, notwithstanding the general provision of section 105-29-1 that "trial juries for criminal cases are formed in the same manner as trial

juries in civil cases." This general statement undoubtedly means that the same method is to be followed except where there are specific statutory provisions applicable to the formation of juries in criminal cases. It is a general rule of statutory construction that where two statutes treat of the same subject-matter, the one general and he other special in its provision, the special provision controls. *Salt Lake City* v. *Salt Lake County*, 60 Utah 423, 209 P. 207.

Under section 104-24-12 oral challenges are not permitted. It was urged by counsel for defendant that it is common belief among attorneys that jurors peremptorily challenged become prejudiced by reason of being challenged against both the attorney and litigant exercising the challenge, and that this prejudice is carried over into the trial of other cases. If the belief is well founded, there is much less likelihood that jurors would exercise any resentment by reason thereof in criminal cases. No doubt, however, one of the reasons for enacting the statute in question was to prevent the possibility of any such prejudice on the part of jurors.

We think it is manifest that the Legislature, in enacting section 104-24-12, intended that it should apply in civil cases only, and we so hold. The trial court, in impaneling the jury according to the method prevailing prior to the adoption of the section in question, did not err.

Judgment affirmed.

ELIAS HANSEN, C. J., and FOLLAND, MOFFAT, and WOLFE, JJ., concur.