## STATE v. BARONE.

No. 5859.   Decided July 30, 1937.   (70 P. [2d] 735.)

Rehearing Denied Oct. 7, 1937.

*Harry G. Metos,* of Salt Lake City, for appellant.

*Joseph Chez,* Atty. Gen., and *Zelph S. Calder,* Deputy Atty. Gen., for the State.

HANSON, Justice.

The defendant in this case was tried by a jury and found guilty of the crime of mayhem. In his appeal to this court, the defendant relies upon two assignments of error, stated in his brief as follows: (1) The trial court erred in the mode of drawing and impaneling the jury. (2) The trial court erred in its refusal to grant defendant's motion for a mistrial upon the ground of misconduct of the district attorney.

It appears from the record that when the jury was about to be impaneled, the trial court expressed some doubt as to the manner in which the jury was to be drawn and selected, but concluded that the proper method was to follow the practice prescribed by section 105-31-29, R. S. Utah 1933, as construed by this court in *State* v. *Burnham,* 87 Utah 445, 49 P. (2d) 963. Accordingly, both the state and defendant were required to make their peremptory challenges orally and the vacancy caused by each challenge was filled before the next challenge was made.

The case was tried November 18, 1935. Section 105-31-29 was repealed prior to that time. See section 2, chapter 128, page 236, Laws of Utah 1935. It is defendant's contention that since section 105-31-29 had been repealed, the court should have followed the procedure prescribed in section 104-24-12, R. S. 1933, relating to the method of impaneling jurors in a civil case.

In *State* v. *Burnham*, 87 Utah 445, 49 P. (2d) 963, we held that notwithstanding section 105-29-1, R. S. 1933, which provides that "trial juries for criminal cases are formed in the same manner as trial juries in civil cases, except that the examination of the jurors shall be conducted by the judge," in criminal cases the jury should be impaneled in accordance with section 105-31-29 and not according to the statute relating to civil cases. That case involved a trial held before section 105-31-29 was repealed. Upon the repeal of that section, however, section 105-29-1 would make the procedure provided for in section 104-24-12 applicable to criminal cases as well as to civil cases; no other procedure being provided for.

The court, therefore, erred in not impaneling the jury in accordance with the method prescribed by section 104-24-12. The question is: Was this error prejudicial to the defendant? Had the court followed the procedure prescribed in the civil code for impaneling the jury, the same jurors which tried the case would have been drawn. No other or different jurors could have been drawn had the court followed that procedure. The defendant had the right to the same number of challenges, and the same identical jurors could have been challenged whichever procedure the court followed. Had the procedure outlined by section 104-24-12 been followed, defendant would have exercised his peremptory challenges by indicating the name of the challenged juror on the written list of jurors rather than orally in the hearing of the jury. We cannot see wherein that difference can be regarded as prejudicial to any substantial right of the defendant. The procedure which was followed

has been followed in this state for many years in selecting juries in criminal cases, and no one has been able to maintain successfully that it contained elements which must work to the prejudice of the person being prosecuted. The defendant here does not attempt to point out wherein he was prejudiced, but merely cites the error committed and relies upon that alone as ground for reversal.

Section 105-53-2, R. S. Utah 1933, provides:

"Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding nor any error or mistake therein shall render it invalid unless it shall have actually prejudiced the defendant in respect to his substantial right."

We believe the provisions of this section should have special application in cases such as the one before us. No substantial right of the defendant was prejudiced by the manner in which the jury was impaneled.

While the state was presenting its case and before the defendant had presented any evidence, the district attorney called Don Hacking, deputy county clerk, as a witness. The following then took place:

"Q. I show you, Mr. Hacking, an instrument or file of the style, 'State of Utah v. Sam Barone, number 870', and ask you if that is a part of your records and files? A. It is."

The district attorney attempted to direct the attention of the witness to a particular instrument in the file signed by Judge Christensen, but defense counsel objected. The prosecution made an offer of that instrument in evidence, as follows:

"Mr. Keller: I will withdraw the word 'purporting', and add with stamp mark, 'Filed in this Court, February 4, 1933, Elizabeth Hadley, Clerk, by Carlyle Pace,' and purporting, or styled, 'A judgment in the case of State of Utah v. Sam Barone.' I would like to offer that instrument, your Honor.

"Mr. Metos: I object to it on the ground it is incompetent, irrelevant and immaterial. I don't see that any judgment of this court has anything to do with this case.

"Mr. Keller: If the court please, I think, as a part of my case in chief, that I am entitled to prove a prior conviction.

"Mr. Metos: Just a minute, I move at this time for a mistrial on that statement.

"The Court: Motion denied."

An exception to the denial of the motion was taken, and thereupon the admissibility of the offered evidence was argued in the absence of the jury. The district attorney then expressed doubt as to whether the state could show a prior conviction. Upon the court expressing an opinion that it was not competent for the prosecution to show a prior conviction until the defendant himself attempts to establish his character, the district attorney withdrew his offer.

Defendant contends that the foregoing constituted such misconduct on the part of the district attorney as made it error for the court to deny defendant's motion for a mistrial. There is no doubt that it was not proper for the state to submit evidence of a prior conviction at the time it attempted to do so. The only purpose of such proof would be to show the probability of defendant having committed the crime charged or to show his criminal propensities. Such proof was clearly incompetent. *State* v. *Baum*, 47 Utah 7, 151 P. 518. We think it was misconduct on the part of the district attorney to bring to the jury's attention that defendant had been convicted of some other crime. The defendant is entitled to a fair trial, and it is the duty of the prosecuting officer to see that he gets it. There is no justification for the prosetion injecting anything into the trial of a case that would be unfair. In this case the district attorney apparently knew that the evidence proffered by him was not only incompetent but prejudicial to defendant, being calculated, though not received by the court, to influence the jury against defendant.

Though there was misconduct on the part of the prosecuting officer and though it may be presumed that prejudice resulted therefrom, the question remains whether the refusal of the trial court to grant a mistrial is reversible error. Section 105-43-1, R. S. 1933, provides:

"After hearing an appeal the court must give judgment without regard to errors or defects which do not affect the substantial rights of the parties."

We have heretofore held that where the evidence in the case is of such satisfactory and convincing nature that the verdict of the jury cannot be said to have been influenced by the matter complained of, the judgment of conviction should not be disturbed. *State* v. *Cluff*, 48 Utah 102, 158 P. 701; *State* v. *Cox*, 74 Utah 149, 277 P. 972, 974. In the Cox Case the court was divided, not upon the principle above stated but upon whether the record showed that the presumption of prejudice had been overcome.

We have examined the record in this case and are convinced that the guilt of the defendant of the crime charged was so conclusively established by proper evidence that the presumption of prejudice arising from the attempt to prove a prior conviction and the statement of the district attorney in relation thereto was overcome. We do not see how the jury, under the evidence, could have done otherwise than to find the defendant guilty. The complaining witness testified that while he and defendant were wrestling with each other, defendant bit his ear. A witness who helped treat the ear immediately afterwards testified it was bleeding and was cut in two and part of it was hanging loose. The doctor who later treated the ear testified that the top of the ear was slit loose and the cartilage was loosened for a distance of about an inch from the supporting tissue; that the skin was cut on both sides of the ear and the cartilage was also cut through; that he sewed up the ear in front, behind, and on top; that there were teeth marks on the ear and the cut was due to teeth bites.

There was no evidence disputing or denying the foregoing. The evidence is undisputed that before the fight, the complaining witness was standing on the crest of a hill some distance above where defendant was working as a stonemason laying a rock retaining wall, and that defendant went up to the top of the hill to engage the complaining witness in a

fight. There is no evidence accounting for the cut ear other than that given by the state above outlined. One of defendant's witnesses testified there were some rocks and tin cans in the vicinity and one of his horses had cut its leg some time previously, but there is absolutely no evidence that the complaining witness came or could have come in contact with any rock or tin can. On the contrary, the evidence is conclusive that when the combatants were down on the ground, the complaining witness was always on top of defendant.

We are satisfied from the evidence that without the statement of the district attorney and the offer to prove a prior conviction, the jury would have reached the same result as it did reach, and, therefore, was not influenced thereby.

The judgment of the court below is therefore affirmed.

FOLLAND, C. J., and MOFFAT, WOLFE, and LARSON, JJ., concur.