## TOM GILROY v. STATE.

No. A-9466. June 9, 1939.
(91 P. 2d 683.)

Phillips & Long, of Okemah, and Anglin & Stevenson, of Holdenville, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Jess I. Miracle, Co. Atty., of Okemah, for the State.

BAREFOOT, J. Defendant was charged in the district court of Okfuskee county with the larceny of domestic animals; was tried, convicted, and sentenced to serve a term of four years in the penitentiary, and has appealed.

As grounds for reversal it is contended:

First, that the court erred in admitting incompetent, irrelevant, and immaterial testimony.

Second, that the court erred in refusing to admit competent testimony offered by the defendant.

Third, the error of the court in failing to instruct the jury as to the law applicable to the defense of the defendant.

The defendant in this case was charged with the larceny of a "roan muley bull calf," the property of Mrs. W. T. Coggburn, who was a widow, living with her two grown sons in Okfuskee county. The evidence reveals that the animal was taken from her premises on a Sunday night, November 9, 1936. The wires had been cut in two different places. The animal had been led across a field, and onto the highway, where it was loaded into a truck, by letting down of the hind end of said truck and loading the animal therein. The hide of this animal was afterwards discovered in a hide house at Henryetta, and was identified by the son of Mrs. Coggburn, who had made an extended investigation of the loss of the animal together with the local officers. It is unnecessary to give an extended discussion of the facts. Many circumstances were given by the witnesses in the way of tracks, impressions of the truck where the calf was loaded, etc. The party who sold the hide at Henryetta testified to having bought

the animal from defendant, and having butchered it and sold the hide.

Defendant was arrested and placed in jail. He contended he had bought the calf from an unknown stranger by the name of "Jimmie," whom he had met on several different occasions at public sales at Okmulgee and Henryetta. He claimed that some time prior thereto he had bought a casing for this party paying $16 therefor; that he afterwards met him and asked him to pay this amount; that this stranger said he did not have the money, but could get a calf from his sister, who lived in Seminole county, and pay him in that way, and that defendant loaned him his Ford pick-up, and when he returned he had the calf, which he turned to defendant, and which defendant sold as above stated.

There were quite a number of conflicts in the testimony, and especially with reference to contradictory statements made by defendant to the officers and to others; it being contended that defendant claimed that he had raised the calf and had just gotten it from the pasture, which he denied. All of this conflicting evidence was heard by the jury, and they, after due deliberation, returned a verdict of guilty against the defendant. Under the law they had the right to believe the explanation offered by the defendant as to his possession of the animal, but they were not bound to accept his theory. Michelin v. State, 66 Okla. Cr. 241, 90 P. 2d 1081; Davis v. State, 7 Okla. Cr. 322, 123 P. 560. The proof revealed many circumstances which justified the jury in finding defendant guilty. It also showed that defendant had been previously convicted of larceny. Under the many decisions of this court, in cases of this character, it has always been held that the jury is in a better position to pass upon the guilt or innocence of the defendant than is the appellate court. McCarron v. State, 61 Okla. Cr. 264, 67 P. 2d 461; Scott v. State, 65 Okla. Cr. 47, 82 P. 2d 684; Gourley v. State, 49 Okla. Cr. 24, 292 P. 873; Halbert v. State, 35 Okla. Cr. 329, 250 P. 436; Simpson

v. State, 52 Okla. Cr. 311, 4 P. 2d 126; Brents v. State, 53 Okla. Cr. 26, 6 P. 2d 1080; Hayes v. State, 61 Okla. Cr. 105, 65 P. 2d 1242; Cheeves v. State, 18 Okla. Cr. 480, 196 P. 726; Foust v. State, 36 Okla. Cr. 390, 254 P. 982.

The contention that the court admitted incompetent, irrelevant, and immaterial testimony has been carefully considered. It is first contended that the court erred in permitting the witness J. T. McAtee to testify that he had purchased a part of the meat from the witness Kennedy to whom the defendant had sold the same, for the reason that he was not qualified to answer the same. There is no merit in this contention.

It is next contended that the court erred in permitting the state to introduce the ear of the calf in evidence. We find no error in this. State v. Frisby, 49 Utah, 227, 162 P. 616.

It is also contended that the court erred in permitting the introduction of certain "imprints," which were taken from the ground, and compared with the boots taken from the possession of defendant, for the reason that the witness was not shown to be an "expert." We do not consider it was necessary to be an expert to make this comparison.

The second contention, that the court erred in refusing to admit competent testimony, is based upon the refusal of the court to permit the introduction of certain statements which defendant made to the jailor at the time he was arrested, and which were several days after the alleged taking of the calf. These were denied by the court because they were self-serving declarations, and this ruling of the court was proper.

The third contention of defendant, that the court erred in failing to instruct the jury as to the law applicable to the defense of the defendant, cannot be sustained. The defendant did not take an exception to the instructions

given by the court. No requested instructions were asked by defendant. We have carefuly examined the instructions and they fully covered the law of the case. The court gave an excellent charge upon the law of circumstantial evidence. An examination of the record reveals that defendant was ably defended. If the jury had only believed his theory of the case, he would have been acquitted. The court was very fair in permitting the introduction of testimony by defendant, and only in one instance, as above noted, was the evidence which he offered rejected. The defendant had a fair and impartial trial.

For the reasons above stated, the judgment of the district court of Okfuskee county is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.