## J. G. CHANEY v. STATE.

No. A-9799. May 14, 1941.
(113 P. 2d 607.)

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Dale Brown, Co. Atty., of Coalgate, for the State.

H. M. Shirley, of Coalgate, for defendant.

BAREFOOT, P. J. Defendant, J. G. Chaney, was charged in the district court of Coal county with the crime of obtaining money by false pretenses, was tried, convicted and sentenced by the court to pay a fine of $600 and serve six months in the county jail, and has appealed.

The only contention of defendant in his brief is that the evidence was insufficient to support the verdict and that the court erred in refusing to sustain a demurrer to the evidence and advise the jury to return a verdict of not guilty. The charge against the defendant was based upon the giving of a note and mortgage for $600 on February 10, 1936, to the First National Bank of Coalgate, secured by the following described property, to wit:

"1 Sorrell Horse about 15 H. H. Wt abt 1000 lbs. abt 7 yrs old. 1 Black Mare abt 8 yrs old. Wt abt 900 lbs. H. H. abt 14½. 1 Black Filly colt abt 1 yr old. 27 Mixed col and mix breed cattle abt 3 to 6 yrs old. Branded cross L on hip. Fresh during spring or summer. 8 calves mix col abt 1 yr old. Above cattle and horses worth at least $1030. This $600 to be used to buy additional Cattle to be covered by this Mtg. To cover all the cattle and horses I own," it being the contention of the State that the defendant did not have the property at the time the note and mortgage was given and that the money was obtained from the bank by reason of false representations and pretenses. Oklahoma Statutes 1931, section 2087, O. S. A. title 21, section 1542, is as follows:

"Every person who, with intent to cheat or defraud another, designedly, by color or aid of any false token or writing, or other false pretense, obtains the signature of any person to any written instrument, or obtains from any person any money or property, is punishable by imprisonment in the penitentiary not exceeding three years or in a county jail not exceeding one year, or by a fine not exceeding three times the value of the money or property so obtained, or by both such fine and imprisonment."

We have carefully examined the record and it reveals that when the mortgage matured in July, 1936, defendant asked for an extension. That the bank made an investigation and did not find the stock covered by the mortgage. A number of witnesses were placed upon the stand by the state, who lived in the vicinity of the pasture where the stock were supposed to be kept and who were familiar with the pasture and premises, and they testified that defendant did not have the property described in the mortgage at the time of the execution of the same. The bank sent parties to the vicinity who made an examination, but could not find the property as described by the terms of the mortgage. They commenced foreclosure proceedings and certain cattle located at the pasture were replevied, but redelivery bonds were executed and the property proved to be the property of other parties. Defendant testified in his own behalf and placed upon the witness stand several witnesses who testified to circumstances indicating that he had the cattle and horses at the time of the execution of the note and mortgage. There was also evidence offered by the state to show that a part of the $600 was not used by defendant to buy additional cattle, but for other purposes.

The evidence was conflicting and the issues were properly presented to the jury by proper instructions, and the jury returned a verdict finding defendant guilty and

leaving the punishment to the court, who assessed the same at a fine of $600 and six months in the county jail.

Under the many holdings of this court where the evidence is conflicting and the issues have been properly submitted to the jury, the verdict will not be set aside on appeal. Drennan v. State, 69 Okla. Cr. 348, 102 P. 2d 952; Alexander v. State, 66 Okla. Cr. 5, 89 P. 2d 332; Gilroy v. State, 66 Okla. Cr. 267, 91 P. 2d 683; Kimbrough v. State, 66 Okla. Cr. 66, 89 P. 2d 982.

The judgment and sentence of the district court of Coal county is therefore affirmed.

JONES, J., concurs. DOYLE, J., absent.