**STATE of Utah, Plaintiff and Respondent,**

v.

**Joseph Scott HAMBLIN, Defendant and Appellant.**

**No. 18705.**

Supreme Court of Utah.

Dec. 13, 1983.

Bernard L. Allen, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Steve Mikita, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

Appellant Joseph Scott Hamblin was convicted by a jury of automobile homicide in the Second Judicial District in Weber County. The questions on appeal concern Utah's automobile homicide statute and the trial court's jury instruction on causation. We affirm.

On the evening of December 15, 1981, Hamblin was driving north at a speed of 45 to 50 miles per hour on Riverdale Road in Weber County. The legal speed limit was 40 miles per hour. The road was wet, and an officer at the scene testified that a safe speed would have been between 30 and 35 miles per hour. As Hamblin approached the intersection of Chimesview Drive, he noticed the traffic light was yellow. He accelerated and passed through the intersection as the light turned red. An officer who later arrived at the scene estimated Hamblin's minimum speed at 64 miles per hour as he crossed the intersection. One witness estimated Hamblin's speed at between 70 and 80 miles per hour; another testified that Hamblin was driving "quite fast ... well above the speed limit."

As Hamblin raced through the intersection, Frank Stack was attempting to turn his van left onto Riverdale Road from the Lamplighter Bar. Hamblin braked and skidded over 60 feet before colliding with Stack's van 183 feet past the intersection. Stack was thrown through his windshield and killed. An officer at the scene testified

that if Hamblin had been driving at the legal speed limit he would have been able to stop before hitting Stack. Blood tests were performed on both drivers; Hamblin had a .12% blood alcohol level and Stack had a .10% level.

We must decide two issues. First, is Utah's automobile homicide statute so irreconcilably in conflict with the rest of the Utah Criminal Code as to deny Hamblin due process of law? Second, did the trial judge improperly instruct the jury regarding causation?

■ Utah's automobile homicide statute, U.C.A., 1953, § 76-5-207, specifies an intent element of simple negligence:

> (1) Criminal homicide constitutes automobile homicide if the actor, while under the influence of intoxicating liquor, a controlled substance, or any drug, to a degree which renders the actor incapable of safely driving a vehicle, causes the death of another by operating a motor vehicle in a *negligent manner.*

(Emphasis added.) The appellant argues that this standard is in conflict with Utah's criminal culpability statute, U.C.A., 1953, § 76-2-101, which states:

> [N]o person is guilty of an offense unless his conduct is prohibited by law and:
>
> (1) He acts intentionally, knowingly, recklessly or with criminal negligence with respect to each element of the offense as the definition of the offense requires ....

Additionally, Utah's criminal homicide statute, U.C.A., 1953, § 76-5-201, states:

> (1) A person commits criminal homicide if he intentionally, knowingly, recklessly, or with criminal negligence unlawfully causes the death of another.
>
> (2) Criminal homicide is murder in the first and second degree, manslaughter, or negligent homicide, or automobile homicide.

Appellant argues that the criminal culpability statute and the criminal homicide statute require at least criminal negligence to support any homicide conviction, whereas the automobile homicide statute permits a criminal conviction based only on simple negligence. Appellant claims that the automobile homicide statute is therefore so irreconcilably in conflict with the rest of the Utah Criminal Code that its application constitutes a denial of due process of law.

The ambiguity in the Criminal Code of which appellant complains no longer exists. The legislature amended U.C.A., 1953, § 76-2-101 and U.C.A., 1953, § 76-5-201 in 1983 to include "a mental state otherwise specified in the statute defining the offense." Utah Code Annotated, 1983 Interim Supplement, Part 2. Thus, there is no need for this Court to bring harmony to the statutes for purposes of future construction.

Nevertheless, we must still decide whether the language in the Criminal Code at the time of appellant's trial denied him due process of law. We hold that any apparent inconsistency between the statutes may be resolved under the rules of statutory construction traditionally applied by this Court. A specific statute controls a general one. *State v. Burnham,* 87 Utah 445, 449, 49 P.2d 963, 965 (1935); *Cannon v. Gardner,* Utah, 611 P.2d 1207, 1209 (1980). Furthermore, this Court has held that our primary responsibility in construing legislative enactments is to give effect to the legislature's underlying intent. *Millett v. Clark Clinic Corp.,* Utah, 609 P.2d 934 (1980).

The situation in this case is unlike that in *State v. Chavez,* Utah, 605 P.2d 1226 (1979). There the automobile homicide statute did not specify the degree of negligence necessary for a conviction. This Court had to remedy the vagueness created by that statutory omission by interpreting the intent element in a manner consistent with the general mens rea statutes. Here the automobile homicide statute is not itself ambiguous or vague; it explicitly states that the standard is simple negligence. That specific language takes precedence over the more general intent language in the other statutes and is *controlling.*

■ The appellant also argues that the trial judge erred when he declined to instruct the jury that they must find Hamblin to be the *"sole* proximate cause" of Stack's death before they could find Hamblin guilty. This argument is without merit. It is obvious that death may result from more than one cause. For example, a felon may shield himself from a pursuing officer with the body of an innocent bystander. If the officer, in an attempt to prevent the felon's escape, should shoot at the felon, but hit and kill the bystander, both the felon and the officer would be "causes" of the bystander's death. However, the felon would not be insulated from a conviction for homicide merely because he was not the *sole* cause of the bystander's death. This same logic holds true when applied to an instance of negligent conduct.

> The state, in a criminal case, is not required to prove beyond a reasonable doubt that the defendant's negligence was the *sole* proximate cause of the death. When a defendant negligently creates a risk of death to another person, the fact that the person actually died as a result of the combination of that negligence plus some other contributing factor does not serve to exculpate.

*Wren v. State,* Alaska, 577 P.2d 235, 240 (1978) (emphasis in the original) (footnotes omitted). *See also People v. Lewis,* 124 Cal. 551, 57 P. 470, 473 (1899); *State v. Rounds,* 104 Vt. 442, 160 A. 249 (1932).

■ The appellant also asserts that the court erred by failing to instruct the jury on superseding intervening cause. We find this assertion to be incredible. Appellant was clearly negligent in racing through a yellow light at an excessive speed. His negligent course of conduct was active and continuous up to the time of the collision. The evidence showed that had he been traveling at the legal speed limit he would have been able to stop before hitting Stack. Appellant's speeding was thus the cause of the collision. Stack's negligence, if any, could only have been a concurrent cause and not a superseding one; it could not insulate appellant from criminal culpability

for having caused Stack's death. *Zelman v. Stauder,* 11 Ariz.App. 547, 466 P.2d 766 (1970). *See also State v. Thomas,* 118 N.J. Super. 377, 288 A.2d 32 (1972). A jury instruction on superseding intervening cause was therefore not warranted by the evidence. Affirmed.

HALL, C.J., and OAKS and HOWE, JJ., concur.

STEWART, J., concurs in the result.