The STATE of Utah, Plaintiff and Respondent,

v.

Lynn JEPPSON, Defendant and Appellant.

No. 14068.

Supreme Court of Utah.

Feb. 25, 1976.

1. Rule 15(b), U.R.C.P.

W. Brent Wilcox, Moyle & Draper, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

On appeal is a jury verdict convicting defendant for the crime of distribution of a controlled substance for value, prohibited by 58–37–8(1)(a)(ii). All references are to U.C.A.1953, as amended. We affirm.

The contentions of defendant are that he was prejudiced by the giving of Instruction No. 6B; that such instruction had the effect of precluding the jury from finding him guilty of a lesser offense, which was set forth in Instruction 6A; that it is not necessary to resort to Title 76 (as the first paragraph of 6B does), because the Controlled Substances Act, Chapter 37, Title 58, completely defines all culpable conduct; that he is entitled to a new trial.

The pertinent instructions are:

No. 6

Before you can convict the defendant of the crime of distribution of a controlled substance for value you must find from the evidence, beyond a reasonable doubt, all of the following elements of the crime:

1. That the defendant did distribute for value, or possess with intent to distribute for value a controlled substance.

2. That the offense did occur in Davis County.

3. That the substance possessed or distributed was a controlled substance, marijuana.

If you believe that the evidence establishes each and all of the essential elements of the offense beyond a reasonable able doubt, it is your duty to convict the defendant. On the other hand, if the evidence has failed to so establish one or more of said elements, then you should find the defendant not guilty.

No. 6A

You are instructed that a separate offense other than that specifically charged against the defendant should be considered by you, which provides as follows: That it is unlawful for any owner or person in control of a building, such as a trailer, to knowingly and intentionally permit the same to be occupied by persons unlawfully possessing, using or distributing controlled substances therein.

Before you can convict the defendant of the crime of permitting a trailer to be occupied by persons unlawfully possessing, using or distributing controlled substances therein you must find from the evidence beyond a reasonable doubt all of the following elements of that offense as follows:

1. That the defendant was in control of said building or trailer;

2. that he knowingly and intentionally permitted the same to be occupied by persons unlawfully possessing, using or distributing controlled substances, to-wit, marijuana;

3. That said offense did occur in Davis County, Utah.

If you believe that the evidence establishes each and all of the essential elements of the offense beyond a reasonable doubt, it is your duty to convict the defendant. On the other hand, if the evidence has failed to so establish one or more of said elements, then you should find the defendant not guilty.

No. 6B

You are instructed that every person, acting with the mental state required for the commission of an offense, who directly commits the offense, who solicits, requests, commands, encourages or intentionally aids another person to engage in conduct which constitutes an offense,

shall be criminally liable as a party for such conduct.

You are instructed that the term "Distribution for Value" means to deliver a controlled substance in exchange for compensation, consideration, or item of value, or a promise therefor.

You are instructed that under the law marijuana is a controlled substance.

The first paragraph of Instruction 6B incorporates, in haec verba, provisions of 76–2–202. It is applicable here, because the Controlled Substance Act does not specifically provide otherwise, nor does its context otherwise require.

Instruction 6A defines a misdemeanor, Instruction 6 a felony. The jury was given two verdicts, one responding to Instruction 6A and one responding to Instruction 6. The jury, having an opportunity to consider both, elected to return a verdict in response to No. 6.

A further contention of defendant is that it was improper to give Instruction 6B since there was no factual basis on which to ground an instruction concerning aiding and abetting. *State v. Baum*[1] is cited as authority for this contention. The case is distinguishable from the present one, in that here there was conflicting evidence from which the jury could have found defendant aided and abetted. In *Baum* it was otherwise, the court noting:

> . . . There was no evidence to show, and no one claimed, that the defendant but aided or abetted in the commission of the offense, or, not being present, advised or encouraged its commission.

In view of there being no such evidence, the court held that to give such a charge was misleading and harmful.

Here there was testimony of the undercover agent that his discussions preceding the sale, were with defendant, but at the time of the sale one Gooch brought the package from the kitchen and demanded an extra $5 as a condition to transfer. Defendant testified he was not involved with the transaction, although he was present, and for unknown reasons the agent handed the money to him. Since all parties agreed that Gooch was an active participant in the sale, and the evidence concerning defendant's role was sharply conflicting, an instruction on aiding and abetting was proper.

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.