**STATE of Utah, Plaintiff and Respondent,**

v.

**Farhad SOROUSHIRN, Defendant and Appellant.**

**No. 14485.**

Supreme Court of Utah.

Nov. 16, 1977.

William D. Marsh of Marsh & Marsh, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, Robert L. Newey, Weber County Atty., Ogden, for plaintiff and respondent.

ELLETT, Chief Justice:

The appellant, a student from Persia, was charged with a felony in that he distributed for value a controlled substance, towit: marijuana.

The evidence showed that a police officer had enrolled in the same college as that attended by appellant for the sole purpose of finding those students who distribute drugs and marijuana. The narcotics officer lived at home but maintained a room in the college dormitory where the students believed he resided. He secured marijuana and threw "pot parties" in his room and in his car. He fraternized with the students. He made friends with a black student and urged him to obtain marijuana or, failing that, to put him (the officer) in contact with someone who could secure the substance.

The black student introduced the officer to the appellant, and they also became friends. When asked at trial if he ever had any indication that appellant was an individual who would get involved in selling marijuana, the officer replied, "I had no indication."

The officer took the black student and the appellant, in his own automobile, to a place in town to which he had been directed by the student. He gave appellant twenty dollars and asked him to get two bags of marijuana. The appellant went into the house and returned with the two bags and delivered them to the officer. Appellant was later charged with a crime in connection with this matter but it was dismissed.

For almost a week thereafter, the officer visited the appellant and importuned him to get more marijuana. On all occasions the appellant told the officer that the "contact" did not have any. Finally, on the eighth day after the first buy, the appellant, again at the importuning of the officer, rode with him to the home of the "contact" where the officer gave appellant forty dollars and requested that he buy four packages of marijuana. The appellant brought two bags and twenty dollars back to the car, saying that the wife of the contact told him that was all they could sell him.

The officer claimed that the two bags were for someone else and asked appellant to try to get the other two bags. On this second try, the appellant managed to get them. They then drove to appellant's room where the marijuana was handed over to the officer.

The officer testified that it was customary to give a procurer two or three "joints" as a courtesy when marijuana was secured; therefore, he permitted appellant to roll a couple of joints when requested to do so.

This amounted to the evidence in the case. At the end of the trial, the trial judge made the following statement:

> Insofar as the facts of the crime are concerned, the court believes that what has occurred is this: The court believes that the defendant stood ready, willing, and able to share with others possession and use and division of marijuana.
>
> The court is not convinced that he was necessarily in a position or made a habit of selling marijuana. The court believes that entrapment may operate through instrumentalities or other persons that the conduct of Eddie (the black student) is such that under the objective standard, it might take one who is willing to distribute marijuana not for sale and cause them to be involved in a valued distribution.
>
> In other words, I believe in this case entrapment is a partial defense. It may have a tendency of increasing the nature of the crime, for this reason the court finds him guilty, not guilty of entrapment insofar as the major offense is concerned because of entrapment, but finds that the conduct of entrapment, but finds that the conduct of entrapment [sic] in no way entrapped him into sharing possession and making division of marijuana. For that reason I find him guilty of the lesser offense of distributing not for value.

It is a bit difficult to understand just what His Honor meant by such an off-the-cuff explanation for his ruling. It seems to us that he thought the appellant was entrapped into making the purchase for the officer; but when he asked for, and received, two joints out of the four bags of marijuana, he was in possession of a controlled substance. By thus sharing in the possession, he was not entrapped; and, therefore, was guilty of the offense of distributing a controlled substance, but not for value.[1]

What is wrong here is that the appellant did not distribute the substance at all. It belonged to the officer and it was the officer who gave appellant a couple of joints and thereby made the distribution.

The court was correct in holding that appellant had been entrapped. He manifested no indication of being in the marijua-

---

1. See U.C.A.1953, 58–37–8(1)(a)(ii).

na business; but at the importuning of the undercover officer, did act as his agent to buy from the real seller. There is nothing to suggest that the appellant would ever have dealt in marijuana except at the instance of and for the benefit of the officer.

We think that entrapment so permeated the entire matter that it also would include the two "joints" given to appellant by the narcotics officer.

The judgment is reversed and the case remanded to the trial court with instructions to find the appellant not guilty. No costs are awarded on this appeal.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.