The STATE of Utah, Plaintiff
and Respondent,

v.

William Earl HARRISON, Defendant
and Appellant.

No. 16425.

Supreme Court of Utah.

Oct. 5, 1979.

David Paul White, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Defendant appeals his conviction of arranging for the distribution for value of a controlled substance.[1]

On November 26, 1978, a police informant was sent by the Vernal City Police Department to defendant's Vernal residence. The purpose of the visit was to secure the purchase of cocaine from the defendant. Prior to being dispatched, the informant's person and automobile had been thoroughly searched. Informant was also issued $25 in cash, the serial numbers of which were recorded by the police.

When the informant arrived at defendant's home, he was informed that defendant could not supply cocaine, but was told that an acquaintance, by the name of "Suzy," might be able to furnish a substitute substance. Thereupon, the informant returned to the police station, where the search procedure was repeated.

Later in the evening, the informant returned to defendant's home, after which the defendant accompanied him to a JB's Restaurant in Vernal. Upon entering the restaurant, defendant and the informant found Suzy and a man named Nick at a booth. As the informant sat in a booth behind, defendant sat opposite Suzy and Nick, and explained to them that he had brought an individual who wished to make a drug purchase. Nick moved out of the booth, and the informant seated himself next to Suzy long enough to examine the

contents of three small bags containing a substance later identified by the police as marijuana. The informant purchased the bags with the $25 which he had been provided with for that purpose, after which he and defendant left the restaurant. Upon returning to defendant's home, the informant, upon request of the defendant, left a small quantity of marijuana "for setting up the buy". The informant then proceeded to the Vernal police station, where the substance purchased was analyzed and tagged as evidence.

In a trial to the court, sitting without a jury, defendant was found guilty of violating Utah's Controlled Substances Act,[2] which reads in pertinent part as follows:

Except as authorized by this act, it shall be unlawful for any person knowingly and intentionally: . . . (4) to agree, consent, offer, or arrange to distribute or dispense a controlled substance for value or to negotiate to have a controlled substance distributed or dispensed for value

. . .

With regard to defendant's first point on appeal, that the statute under consideration is unconstitutionally vague, his principal argument in support thereof is that the coverage of the statute is overly broad. Breadth of coverage, in and of itself, does not render a statute unconstitutionally vague. A statute may legitimately proscribe a broad spectrum of conduct with a very few words, so long as the outer perimeters of such conduct are clearly defined. The statute in question accomplishes this by specifying that any activity leading to or resulting in the distribution for value of a controlled substance must be engaged in knowingly or with intent that such distribution would, or would be likely to, occur. Thus, any witting or intentional lending of aid in the distribution of drugs, whatever form it takes, is proscribed by the act. The citizen of average intelligence is left with no confusion as to what type of

1. In violation of U.C.A., 1953, 58–37–8(1)(a)(iv).

2. Supra, footnote 1.

conduct is forbidden.[3] An analogy might be drawn to the theory of conspiracy which requires an attempt to commit a criminal act, coupled with *any* overt act in furtherance of that intent.[4] Conspiracy statutes are not unconstitutionally vague simply because they fail to specify what type of overt act qualifies. The intent, coupled with any action in furtherance thereof, completes the offense, and no confusion exists as to whether any given course of conduct is criminal or not. Likewise, in the present situation, the citizen is put on notice by the statute that, if he intends the distribution for sale of a controlled substance, any act in furtherance of an arrangement therefor constitutes the criminal offense described by the statute.

Defendant's second point, that the state failed to prove the element of value, is directly contradicted by the evidence. It is first pointed out that the defendant himself did not receive any cash for arranging the sale. It is clear that this is not the intent of the statute. Were it otherwise, the arranging of drug sales would be perfectly legal, so long as it was done gratuitously. The aim of the law is to make the arrangement of drug sales unlawful, whether they be profitable or not. So as far as any claim that the seller of the substance did not receive value, this is directly contradicted by the testimony of the informant, who stated on the stand that he paid the $25 issued him by the Vernal city police in exchange for the three bags of marijuana.[5]

With regard to defendant's last assertion, that the marijuana allegedly seized was improperly admitted into evidence for lack of adequate foundation, there appears to be no basis for its exclusion. At best, defendant was entitled to attempt to discredit the evidence on cross-examination. Moreover, it is apparent from the record before us that the state succeeded in establishing its case even without introducing the substance itself as evidence. Testimony was furnished by the prosecution which presented an evidentiary basis for each of the elements of the offense—that defendant arranged for a distribution for value of a controlled substance, and that he did so with full knowledge and intent. Furthermore, it is clear that the judge, as the trier of fact, was not particularly concerned with the admission or exclusion of the physical evidence, his observations on the record indicating that the state's evidence, (exclusive of the marijuana), established the defendant's guilt to his satisfaction. Thus, under Rule 4 of the Utah Rules of Evidence, it would seem that the evidence did not have any substantial influence on the outcome of the trial, and its admission, erroneous or not, was harmless.

Affirmed.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.

---

**3.** *State v. Packard,* 122 Utah 369, 250 P.2d 561 (1952); *Cramp v. Bd. of Public Instruction,* 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961).

**4.** See, e. g., U.C.A., 1953, 76–4–102. (The Court notes the exceptions, listed in this section, to the requirement of an overt act.)

**5.** Inasmuch as an actual sale took place in this case, it is unnecessary to address the point, but it is noteworthy that the offense of arranging the distribution for value of a controlled substance does not require the actual distribution. All that is needed is the arrangement for such distribution, coupled with knowledge or intent. Evidence of an actual sale may be helpful, or even necessary, in proving knowledge or intent, but sale itself is not an element of the offense.