STATE of Utah, Plaintiff and Respondent,

v.

Robert HICKEN, Defendant and Appellant.

No. 18321.

Supreme Court of Utah.

Feb. 14, 1983.

Shelden R. Carter, Provo, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, Salt Lake City, Noall T. Wootton, Provo, for plaintiff and respondent.

HOWE, Justice:

The State appeals from an order granting the defendant's Motion to Dismiss an Information because it improperly charged him with distributing for value a controlled substance.

On October 19, 1981, Judy Smith, an undercover agent for the Provo Police Department's detective division, met defendant at the home of another undercover agent. Defendant had been invited there to sell narcotics to Smith or arrange for her to buy them from someone else. When Smith arrived the defendant was making a telephone call to one Mr. Larsen to find out how much one quarter pound of marijuana would cost. He told Smith that she could get two lids for $95.00. She agreed to the purchase and defendant told Larsen that he would be "right over." When defendant and Smith arrived at Larsen's home, Larsen asked defendant to drive him to a store before making the sale to him, but defendant informed him that it was Smith who wanted to buy. The transaction was concluded and Smith handed Larsen $100.00, receiving $5.00 in change. Smith turned in the evidence and defendant was subsequently charged with distribution of marijuana for value in contravention of U.C.A. 1953, § 58–37–8(1)(a)(ii).

The issue on appeal is whether the defendant should have been charged with arranging the sale of marijuana, § 58–37–8(1)(a)(iv), as defendant successfully argued below, or whether he was properly charged with distributing, as the State contends, because he would be guilty of that offense under § 76–2–202 of our criminal code if he solicited, requested, commanded, encouraged or intentionally aided another person to engage in that criminal conduct. To determine that issue it is necessary to first decide whether the provisions of the Utah Criminal Code apply here or whether the sanctions of the Controlled Substances Act exclusively govern the offense under review.

Utah Code Annotated, § 76–1–103(1) in the Criminal Code provides as follows:

The provisions of this code shall govern the construction of, the punishment for, and defenses against any offense defined in this code or, *except where otherwise specifically provided or the context otherwise requires,* any offense defined outside this code; provided such offense was committed after the effective date of this code. [Emphasis added.]

Utah Code Annotated, § 58–37–19 in the Controlled Substances Act provides as follows:

Act controlling over conflicting provisions of other state laws.—It is the purpose of this act to regulate and control the substances designated within section 58–37–4, and *whenever* the requirements prescribed, *the offenses defined* or the penalties imposed *relating to substances controlled by this act shall be or appear to be in conflict with* Title 58, chapter 17 or *any other laws of this state, the provisions of this act shall be controlling.* [Emphasis added.]

The court below dismissed the Information on the grounds that the defendant should have been charged with arranging a sale under U.C.A., § 58–37–8(1)(a)(iv). The State contends that that section solely applies to the purchase of counterfeit substances, known in the vernacular as a "turkey buy." Clearly the Legislature was not that myopic. Subsection (iv) makes it unlawful

[t]o agree, consent, offer, or arrange to distribute or dispense a controlled substance for value *or* to negotiate to have a controlled substance distributed or dispensed for value and distribute, dispense, or negotiate the distribution or dispensing of any other liquid, substance, or material in lieu of the specific controlled substance so offered, agreed, consented, arranged, or negotiated. [Emphasis added.]

The reference to the dispensing of both controlled and counterfeit substances is

manifest. See *State v. Harrison,* Utah, 601 P.2d 922 (1979), where the conviction was under that subsection for arranging the distribution of marijuana.

■ The State further relies upon *State v. Jeppson,* Utah, 546 P.2d 894 (1976), in its argument that defendant was properly charged with distributing and that § 76–2–202 should be applied to uphold the charge against the defendant. As set out above, that section applies to all offenses defined in the Criminal Code, as well as those outside that Code, except where otherwise specifically provided. We believe that the State's reliance on § 76–2–202, as well as on the holding in *State v. Jeppson,* supra, is misplaced. The Controlled Substances Act expressly and specifically sanctions the offense of arranging for the distribution of a controlled substance. It thus displaces in that fact situation the general sanction for aiding another provided for in § 76–2–202 of the Criminal Code.

*Jeppson,* supra, is distinguishable from the case under review. There the defendant was charged with aiding another because he had knowingly and intentionally made his trailer available to persons unlawfully possessing, using or distributing controlled substances therein. *Id.* at 895. There are no provisions in the Utah Controlled Substances Act dealing with the offense of providing a place for illegally selling drugs, and therefore the provisions of the Criminal Code may be resorted to. Conversely, the offense of arranging the sale of a controlled substance is clearly included in the Controlled Substances Act so that the governing language of § 58–37–19 comes into play and we do not look outside that Act. *Helmuth v. Morris,* Utah, 598 P.2d 333 (1979) is controlling here. In that case the petitioner was convicted of making a forged prescription, as sanctioned by § 58–37–8(4)(a)(iii). The gravamen of his argument was that he should have been sentenced for a misdemeanor under § 76–6–501, dealing with forgery of any written document for the purpose of defrauding another. This Court disagreed:

> [I]t is to be noted that the legislature has expressly provided in Section 58–37–19 of

the "Controlled Substances Act" that "whenever ... the penalties imposed relating to substances controlled by this act shall be or appear to be in conflict with ... any other laws of this state, the provisions of this act shall be controlling." Thus, even if petitioner were correct in his postulate that the statutes referred to prohibit the same conduct, the legislature has declared that the provisions of Title 58, chapter 17, rather than those contained in the criminal code, are to be applied in offenses relating to narcotic drugs. *Id.* at 335.

See also *State v. Casias,* Utah, 567 P.2d 1097 (1977), holding that agency is not determinative in finding criminal culpability under the Utah Controlled Substances Act because its provisions are controlling over any conflicting state statutes.

■ Accordingly we hold that the trial court properly ruled that § 76–2–202 did not apply, and that the defendant was improperly charged by the State. The order is affirmed.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.