STATE of Utah, Plaintiff and
Respondent,

v.

Victor ONTIVEROS, Defendant
and Appellant.

No. 19021.

Supreme Court of Utah.

Nov. 9, 1983.

Michael D. Esplin, Provo, for defendant
and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake
City, for plaintiff and respondent.

DURHAM, Justice:

Appellant Victor Ontiveros was convicted in the Fourth Judicial District in Utah County of distribution of a controlled substance for value in violation of U.C.A., 1953, § 58–37–8(1)(a)(ii). The questions on appeal concern the sufficiency of the evidence to support the conviction and a claim that the defendant was entrapped by an undercover narcotics officer. We reverse.

During most of 1982, Officer Richard Mack of the Provo Police Department worked as an undercover officer disguised as a taxi cab driver.[1] Mack was the only witness called by the State. He testified that two or three weeks before June 10, 1982, he was called by one Billy Roberts, who had already sold some drugs to Mack and did not know that Mack was actually a police officer. Roberts told Mack that he knew where they could both get some drugs. Mack said he was interested, picked up Roberts and drove to Victor Ontiveros' home in Springville. There Roberts introduced Mack to Ontiveros as someone interested in buying some "mushrooms," a form of hallucinogenic drug. Ontiveros responded that he did not have any at the time, that he was "dry," but that he was expecting to get some later. Mack told Ontiveros that he drove a cab and gave him his business card. Mack also asked him when he would be getting some mushrooms or other drugs. Ontiveros responded that it would be "later" and that Mack would have to get back in touch with him then.

After this initial meeting, Mack twice called Ontiveros to see if he had any drugs. Each time, Ontiveros replied that he had not yet received any. Mack then said he would get back with him later.

On June 10, 1982, Mack went to Ontiveros' home again. Ontiveros was having a birthday party for his young son, and several people were present. Ontiveros saw

1. Since a claim of insufficiency of the evidence requires us to view the evidence in the light most favorable to the jury's verdict, our summary of the testimony relies upon Officer Mack's version of events where there was any dispute in the record. *See State v. Brooks,* Utah, 638 P.2d 537, 543 (1981).

Mack at the door and said, "I guess you want some weed." Mack responded that he did, and Ontiveros told him, "Well come back in a while ... we are having a party here." Mack returned in about an hour. Ontiveros offered him a beer and told him he would have to make a phone call to see if someone else had any marijuana. Ontiveros made the call and while he was on the phone told Mack that he could get some marijuana at $40 for a half ounce. Mack agreed and the two left for Provo.

Ontiveros directed Mack to pull up to a certain corner, where Mack gave Ontiveros $40. Ontiveros got out of the car, entered a residence a short distance away, stayed for five to ten minutes and returned to the car to give Mack a plastic bag containing marijuana. As the two returned to Ontiveros' home, Ontiveros took some marijuana out of the bag at Mack's invitation, rolled a marijuana cigarette and shared it with Mack. Ontiveros then asked Mack to sell him enough marijuana for a second cigarette. Mack told him just to "go ahead and take a pinch," which Ontiveros did.

Appellant seeks reversal of his conviction on the ground that the evidence presented at trial does not establish the crime of distributing a controlled substance for value. He also claims that he was entrapped.

U.C.A., 1953, § 58–37–8(1)(a)(ii), under which the appellant was charged, provides as follows:

(a) Except as authorized by this act, it shall be unlawful for any person knowingly and intentionally:
(ii) to distribute for value or possess with intent to distribute for value a controlled or counterfeit substance.

No evidence was presented at trial which showed the appellant to have distributed the marijuana for value. It was not shown that Ontiveros received any portion of the $40 that the officer gave him. The evidence only shows that the appellant acted as the officer's agent in making the pur-

chase from a third party. Nor do we find the voluntary sharing by the officer of one marijuana cigarette and the gift of a second sufficient to constitute a "distribution for value" within the meaning of the statute.[2] The marijuana was voluntarily given to the appellant by its owner, the officer. The appellant clearly did not sell the marijuana in return for a share.

We do find this to be a classic case of *arranging* to distribute a controlled substance for value. U.C.A., 1953, § 58–37–8(1)(a)(iv). Under this section of the statute, the element of value need not be proved. *See State v. Harrison,* Utah, 601 P.2d 922 (1979). However, the appellant was never charged under this section.

We hold that there was no evidence at trial that the appellant distributed marijuana for value, and appellant's conviction must be reversed. Because we reverse on the basis of the insufficiency of the evidence, we do not address the issue of entrapment.

HALL, C.J., and OAKS, STEWART and HOWE, JJ., concur.

---

2. *See State v. Soroushirn,* Utah, 571 P.2d 1370 (1977), where the Court on similar facts observed: "What is wrong here is that the appellant did not distribute the substance at all. It belonged to the officer and it was the officer who gave appellant a couple of joints and thereby made the distribution."