**STATE of Utah, Plaintiff and Respondent,**

v.

**Thomas Lowell SPRAGUE, Defendant and Appellant.**

No. 18975.

Supreme Court of Utah.

March 23, 1984.

Sheldon R. Carter, Provo, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant appeals his conviction of distribution of a controlled substance (marijuana) for value,[1] contending that he was

1. U.C.A., 1953, § 58–37–8(1)(a)(ii).

entrapped and that the trial court erred in receiving certain evidence. We reverse.

On August 19, 1982, around 10:00 p.m., defendant and a friend were sitting in a park-like area across from the Manti Temple, conversing. Undercover agents James Tauffer and Ed Spann saw the two and approached them to make a contact. Defendant and his friend were neither using controlled substances nor talking about them. Further, Tauffer had not seen either person before and testified that he had no reason to believe that defendant or his friend were involved with drugs. Tauffer initiated the conversation with small talk and eventually turned the conversation to marijuana, asking defendant if he knew where Tauffer could get some. Defendant told Tauffer his best bet would be to go to Provo. After further discussion, defendant gave Tauffer his name and telephone number and told Tauffer that he could call defendant later. Defendant took no action to obtain marijuana for Tauffer, and no phone contacts were made by either person.

On the afternoon of August 27, 1982, Tauffer and Spann went to defendant's place of employment and asked defendant if he knew where Tauffer could get a quarter-ounce of marijuana. Defendant told them that he was going to Gunnison that night and might be able to get some there. Tauffer urged a meeting, so defendant told Tauffer and Spann to come to Ephraim that night and he would find them there. Defendant did not go to either Gunnison or Ephraim.

On August 31, 1982, Tauffer spotted defendant at a cafe in Manti, pulled over and again approached defendant. Defendant told Tauffer that it was possible that he could get Tauffer a small amount of marijuana from someone else. Tauffer asked to see the marijuana first. Defendant left the cafe, returning a short time later with another person. Outside the cafe defendant handed Tauffer a small bag containing one gram of marijuana. Tauffer gave de-

fendant $10, which defendant thereafter gave to the person with him.

Based on this transaction, defendant was charged with distributing a controlled substance for value. Defendant moved to dismiss the case on the ground of entrapment pursuant to U.C.A., 1953, § 76–2–303. The judge declined to dismiss. Defendant appeals his conviction.

Section 76–2–303(1) states:

> It is a defense that the actor was entrapped into committing the offense. Entrapment occurs when a law enforcement officer or a person directed by or acting in cooperation with the officer induces the commission of an offense in order to obtain evidence of the commission for prosecution by methods creating a substantial risk that the offense would be committed by one not otherwise ready to commit it. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

 This Court has adopted the objective test for determining whether a defendant has been entrapped.[2] In assessing police conduct under that standard, the test is whether "a law enforcement official or an agent, in order to obtain evidence of the commission of an offense, induced the defendant to commit such an offense by persuasion or inducement which would be effective to persuade an average person, other than one who was merely given the opportunity to commit the offense."[3]

 Defendant relies on *State v. Kourbelas*,[4] in arguing that he was entrapped. That reliance is well-placed. In *Kourbelas*, on facts markedly similar to those in this case, the Court said that there existed "a reasonable doubt as to whether the offense committed was the product of the defendant's initiative and desire, or was induced by the persistent requests of [the undercover agent]."[5]

That language applies in this case as well. It was Tauffer who first approached defendant, with no reason to believe that defendant used or sold drugs, and suggested the purchase of drugs. After a week had passed, it was again Tauffer who approached defendant with the request for marijuana, which defendant did not provide. Finally, after Tauffer approached defendant a third time, defendant provided a gram of marijuana to Tauffer. Defendant testified that he did this because he wanted to be a friend to Tauffer.

Therefore, we conclude that the offense was induced by the persistent requests by Tauffer, not by the initiative and desire of defendant. Accordingly, the defendant's conviction is reversed. Since we reverse on the issue of entrapment, we do not address the issue of admissibility of evidence.[6]

OAKS, HOWE and DURHAM, JJ., and SCOTT DANIELS, District Judge, concur.

STEWART, J., does not participate herein; DANIELS, District Judge, sat.

---

**2.** *State v. Taylor,* Utah, 599 P.2d 496 (1979).

**3.** *Id.* at 503.

**4.** Utah, 621 P.2d 1238 (1980).

**5.** *Id.* at 1240.

**6.** We also note that there was no evidence presented at trial that showed appellant distrib-

uted marijuana for value in violation of U.C.A., 1953, § 58–37–8(1)(a)(ii). The instant case would appear to be a case of arranging to distribute a controlled substance for value in violation of U.C.A., 1953, § 58–37–8(1)(a)(iv). *State v. Ontiveros,* Utah, 674 P.2d 103 (1983).