**The STATE of Utah, Plaintiff and Respondent,**

v.

**Jerry L. MARTIN, Defendant and Appellant.**

No. 20490.

Supreme Court of Utah.

Jan. 13, 1986.

Steven L. Hansen, Murray, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

The defendant was convicted of unlawful distribution for value of a controlled substance under U.C.A., 1953, § 58–37–8(1)(a)(iii) (Supp.1985). A pretrial motion to dismiss based on a theory of entrapment was denied, and the jury likewise rejected the defendant's entrapment defense. The defendant argues on appeal that the facts show entrapment as a matter of law.

The evidence at trial was in conflict. We summarize the evidence favorable to the jury verdict. An undercover narcotics officer met Toby Wells, an acquaintance of the defendant, and established a relationship with him over a period of several weeks. During this time, the officer told Wells that the officer was prepared to pay $35,000 for a pound of cocaine and would give Wells either an ounce of cocaine or $2,500 for arranging a purchase. The officer did not give Wells any directions or instructions as to how Wells was to obtain the cocaine. Wells contacted the defendant by telephone on numerous occasions, at first asking him for a small amount of cocaine and eventually telling him that Wells had a buyer who wanted a pound. During the same period of time Wells was urging the defendant to provide cocaine for the sale, Wells was also contacting other suppliers, without success. After numerous calls from Wells to the defendant, in which the defendant said he did not know if he could obtain the cocaine but would look around, the defendant agreed to the sale. At no time did Wells disclose to the officer any information regarding the defendant. The officer never gave Wells any suggestions or directions specifically relating to his dealings with the defendant.

When the defendant told Wells he had the cocaine and would make the sale, Wells and the officer went to the defendant's home. Although Wells (whose wife was a close friend of the defendant's wife) testified that the defendant tried to back out of the sale at the last minute and that the officer verbally threatened him and grabbed his arm, the officer denied that there was any such exchange. Wells did not know until after he and the defendant were arrested following the cocaine transaction that the officer was an undercover agent.

The defendant argues that his conviction must be reversed because, as a matter of law, Wells entrapped him under the direction of the officer. Our statute on entrapment reads:

> Entrapment occurs when a law enforcement officer *or a person directed by or acting in co-operation with the officer* induces the commission of an offense in order to obtain evidence ... by methods creating a substantial risk that the offense would be committed by one not otherwise ready to commit it.

U.C.A., 1953, § 76–2–303(1) (emphasis added).

The defendant's argument fails on two grounds. First, the evidence, when viewed in a light most favorable to the jury's verdict, does not support the conclusion that the methods used by Wells created a substantial risk that the offense

would be committed by one not otherwise ready to commit it. None of the personalized high-pressure tactics or appeals to extreme vulnerability present in recent entrapment cases before this Court existed in this case. *See State v. Cripps,* Utah, 692 P.2d 747 (1984); *State v. Sprague,* Utah, 680 P.2d 404 (1984); *State v. Taylor,* Utah, 599 P.2d 496 (1979). The facts relied on by the defendant—repeated telephone requests and promises of a large profit—are insufficient to constitute illegal inducement in this context where the officer was unaware of the defendant's identity. Furthermore, there is no evidence in the record that Wells was directed by or acting in cooperation with the officer in relation to a specific individual. Rather, the officer merely gave Wells the information he was to use in setting up the sale with whomever Wells found to supply the drugs. The defendant argues that a person can be "directed" by the police without that person's knowledge. We agree that it would certainly be possible for a person to be unknowingly "directed" in entrapment activities by the police, within the meaning of our statute; however, that would require some degree of focus on a specific individual, which was not evident in this case.

The conviction is affirmed.

HALL, C.J., and STEWART, HOWE and ZIMMERMAN, JJ., concur.