STATE of Utah, Plaintiff and Appellant,

v.

Mark RENFRO, Defendant and Respondent.

No. 860101.

Supreme Court of Utah.

March 24, 1987.

Gregory M. Warner, Provo, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

ZIMMERMAN, Justice:

Defendant Mark Renfro was charged with arranging to distribute a controlled substance for value under section 58–37–8(1)(a)(iv) of the Code. U.C.A., 1953, § 58–37–8(1)(a)(iv) (Supp.1983). After a bench trial, the trial court granted defendant's motion to dismiss. The State appeals from the order of dismissal. We reverse.

On March 28, 1985, two undercover officers from the Provo City Police Department went to defendant's residence in Orem, Utah. There, they talked to defendant about purchasing some marijuana. Defendant went into another room of the house and returned shortly with a small shaving kit that contained marijuana. He then agreed to sell marijuana to the officers, exchanging four half-ounce bags of the substance for a total of two hundred dollars in cash. After the transaction was completed, the officers left.

The prosecution charged defendant with arranging to distribute a controlled substance for value under section 58–37–87(1)(a)(iv) of the Code. U.C.A., 1953, § 58–37–8(1)(a)(iv) (Supp.1983). The district court dismissed the charge on the ground that the State should have charged defendant with distributing a controlled substance for value under section 58–37–8(1)(a)(ii).

On appeal, the State argues that defendant arranged to distribute marijuana for value when he discussed the purchase with officers, set a price for the marijuana, and agreed to make the exchange. We agree. Section 58–37–8(1)(a)(iv) makes it a crime "to agree, consent, offer, or arrange to distribute ... a controlled substance for value." The undisputed evidence clearly proved the elements of this crime.

Defendant contends that our decisions in *State v. Harrison*, 601 P.2d 922 (Utah 1979), *State v. Hicken*, 659 P.2d 1038 (Utah 1983), and *State v. Ontiveros*, 674 P.2d 103 (Utah 1983), were incorrect inso-far as they construed section 58–37–8(1)(a)(iv) as creating the crime of arranging to distribute controlled substances. According to defendant, in enacting section 58–37–8(1)(a)(iv), the legislature intended only to prohibit arranging to distribute or actually distributing counterfeit controlled substances. We have previously rejected this argument. *State v. Hicken*, 659 P.2d at 1039. Although defendant's construction of the statute may be a plausible one, we are not inclined to reconsider our settled and consistent construction of the statute in *Harrison*, *Hicken*, and *Ontiveros*. This is especially true since the legislature recently revised and clarified section 58–37–8, and the revised statute unmistakably prohibits arranging to distribute a controlled substance. *See* S.B. 112, 47th Leg., Gen.Sess. (1987).

The decision below is reversed.

HALL, C.J., HOWE and DURHAM, JJ., and GREGORY K. ORME, Court of Appeals Judge, concur.

STEWART, Associate Chief Justice, does not participate herein; GREGORY K. ORME, Court of Appeals Judge, sits.