**The STATE of Utah, Plaintiff and Appellee,**

v.

**Darrin Lamar PELTON, Defendant and Appellant.**

**No. 890509–CA.**

Court of Appeals of Utah.

Nov. 9, 1990.

Rehearing Denied Nov. 28, 1990.

Ronald S. Fujino, Elizabeth A. Bowman (argued), Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, Atty. Gen., and Charlene Barlow (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BILLINGS, GARFF and ORME, JJ.

## OPINION

GARFF, Judge.

Defendant, Darrin Lamar Pelton, appeals his conviction of arranging to distribute a controlled substance, in violation of § 58–37–8(1)(a)(ii) (Supp.1990), arguing that his involvement did not rise to the level of criminal culpability.

## FACTS

Both parties generally agree on the facts. Albert Acosta, a narcotics agent, worked with a confidential informant to set up a drug buy through Lorraine Coates, who was to introduce Acosta to a drug dealer, "Paco". Subsequently, pursuant to instructions from another intermediary, Acosta, Chris Baker and the confidential informant picked up defendant. Defendant then told Acosta to drive to a 7-11 store where they were to make a phone call and then "the man would bring the cocaine to that location." At the store defendant and Baker got out of the car and spoke to a man in a telephone booth, who turned out to be Paco. Coates was also present. Acosta told Coates he was uncomfortable with defendant and Baker present, so Coates called Paco over and defendant and Baker left. The drug purchase was later consummated between Paco and Acosta at a different location.

## STANDARD OF REVIEW

In reviewing the sufficiency of the evidence at a bench trial, as occurred here, we will not set aside the verdict unless clearly erroneous, and where the result is against the clear weight of the evidence, or we otherwise reach a definite and firm conviction that a mistake has been made. *State v. Walker*, 743 P.2d 191, 193 (Utah 1987); Utah R.Civ.P. 52(a).

### *Arranging to Distribute*

■ Utah Code Ann. § 58-37-8(1)(a)(ii) (Supp.1990)[1] provides, "it is unlawful for any person to knowingly and intentionally ... arrange to distribute a controlled ... substance." In *State v. Gray*, 717 P.2d 1313 (Utah 1986), the supreme court in interpreting the statute that preceded the above section, stated that "any witting or intentional lending of aid in the distribution of drugs, in whatever form the aid takes, is proscribed by the act. In other words, *any*

*act* in furtherance of "arrang[ing] to distribute ... a ... controlled substance' constitutes a criminal offense pursuant to the statute." *Id.* at 1320-21 (emphasis in original) (quoting *State v. Harrison*, 601 P.2d 922, 923-24 (Utah 1979)).

Defendant argues that it was Coates who actually called Paco over to the car and introduced him to Acosta, and that he never possessed the cocaine, never directed Acosta to the house where the cocaine was purchased, was not present when the transaction occurred, and never discussed prices or handled any money. Therefore, defendant argues, he cannot be considered a participant in the arrangement. He cites several cases to support this position: *State v. Renfro*, 735 P.2d 43, 44 (Utah 1987) (defendant discussed the purchase with officers, set a price, and agreed to make the exchange); *State v. Ontiveros*, 674 P.2d 103 (Utah 1983) (court described defendant's activities to be a classic case of arranging when defendant directed an undercover officer to the drug buy location, procured money from the officer, purchased the drugs, and delivered the marijuana to him); *State v. Clark*, 783 P.2d 68 (Utah Ct.App.1989) (defendant attempted to contact the drug dealer, commented on the quality of the cocaine, was present during the sale negotiations and warned the undercover officer of a tailing car). However, nothing in these cases prevents the inclusion of the acts of defendant within the statutory prohibition.

We conclude that defendant's actions were sufficient to bring him within the proscription of the statute as interpreted by *Gray* and *Harrison*. Defendant was one link in a chain of events, involving six people, which eventually led to the sale of cocaine. There was ample evidence from which the trial court could properly conclude that defendant knew that he would be the triggering mechanism to bringing Acosta and Paco together when he had Acosta drive to the 7-11 store, and that he

---

1. Prior to 1987, arranging for the distribution of a controlled substance, Utah Code Ann. § 58-37-8(1)(a)(iv) (1986), was a separate offense from actual distribution. Utah Code Ann. §§ 58-37-8(1)(a)(ii) (1986), 58-37-8(1)(c) (1986). In 1987, section 58-37-8(1)(a)(ii), as amended, combined the offenses of arranging and distributing into one section. *State v. Clark*, 783 P.2d 68, 69 n. 1 (Utah Ct.App.1989).

■■■■■■■■■■■■■■■

also knew the transaction involved the sale of cocaine. The fact that Paco was present at the 7–11 store negated the need to make the phone call to have the cocaine delivered. Defendant and Coates each spoke to Paco at the telephone booth. Paco then made contact with Acosta and subsequently sold him the cocaine. Defendant acted knowingly and intentionally, and he was instrumental in arranging the sale of the cocaine.

### Constitutional Application

■ Defendant also asserts that the arranging statute was unconstitutionally applied to his case. Defendant argues that the supreme court in *State v. Harrison*, by proscribing "any activity," unconstitutionally broadened the application of the arranging statute. The language in question is as follows:

> A statute may legitimately proscribe a broad spectrum of conduct with a very few words, so long as the outer perimeters of such conduct are clearly defined. The statute in question accomplishes this by specifying that *any activity* leading to or resulting in the distribution ... of a controlled substance must be engaged in knowingly or with intent that such distribution would, or would be likely to occur. Thus, any witting or intentional lending of aid in the distribution of drugs, whatever form it takes, is proscribed by the act.

601 P.2d at 923 (emphasis added).

Defendant's argument is that *Harrison* renders the arranging portion of the statute unconstitutionally vague. A law is impermissibly vague when it "fails to give a person of ordinary intelligence fair notice" that a contemplated act is forbidden. *Bouie v. City of Columbia*, 378 U.S. 347, 351, 84 S.Ct. 1697, 1701, 12 L.Ed.2d 894 (1964) (quoting *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954)). The underlying principle is that one should not be held criminally responsible for conduct in cases where one could not understand the proscription. *Id.*

In *Harrison* the Utah Supreme Court holds that the arranging statute is such

that "[t]he citizen of average intelligence is left with no confusion as to what type of conduct is forbidden." 601 P.2d at 923–24. We see *Harrison* as a legitimate definition of "arrange" as used in Utah Code Ann. § 58–37–8(1)(a)(ii) (Supp.1989). *Harrison* clarifies rather than confuses the scope of the arranging statute. Thus, totally aside from the conceptual problem presented by this court's presuming to declare that a prior supreme court decision rendered a criminal statute unconstitutional, as defendant would have us do, we find defendant's contention to be without merit.

BILLINGS and ORME, JJ., concur.